HELEN G. CHEESEMAN, PROSECUTOR, v. BOARD OF EDU-
CATION OF GLOUCESTER CITY AND STATE BOARD OF
EDUCATION, DEFENDANTS.

Submitted March 21, 1923—Decided June 5, 1923.

Contracts—School Teachers—Transfer from One School to An-
other—Charge of Insubordination—Discharge—Appeal to
State Board—Transfer Held Legal.

On *certiorari.*

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutor, *Bleakly, Stockwell and Burling.*

For the defendants, *Henry M. Evans.*

PER CURIAM.

The writ of *certiorari* in this case is prosecuted for the
purpose of reviewing the legality of the action of the Glouces-
ter city board of education in transferring the prosecutrix,
Miss Helen G. Cheeseman, from principal teacher of the
seventh and eighth grades at the Monmouth street school in
Gloucester city, to be principal teacher of the fifth and sixth
grades of the Cumberland street school in said city, and the
action of that board in dismissing Miss Cheeseman for in-
subordination in refusing to obey the order of transfer.

Miss Cheeseman had been for some nineteen years a teacher
in the public schools of Gloucester city. On May 18th, 1921,
she executed a contract in the statutory form with the board
of education to teach in that city from September 1st, 1921,
to June 30th, 1922. Miss Cheeseman had been instructing
the seventh and eighth grades at the Monmouth street school.
In September, 1921, the board of education transferred her
to the Cumberland street school, where she was to teach

scholars of the fifth and sixth grades. Miss Cheeseman contended that the Monmouth street school was a junior high school; that the transfer demoted her, and was contrary to the contract. She refused to obey the order and appealed the order of transfer to the state commissioner of education. The Gloucester city board of education then charged Miss Cheeseman with insubordination. She was served with notice of this charge. She did not attend the meeting at which the charge was to be heard, but employed counsel to appear specially to protest against the proceeding. The board held her guilty of insubordination and dismissed her. From this dismissal Miss Cheeseman appealed to the state commissioner of education. The commissioner of education considered these appeals, upon the record, and held that the transfer was legal, but that Miss Cheeseman was not guilty of insubordination. An appeal was then taken by Miss Cheeseman to the state board of education. The state board of education held that the transfer was legal and that Miss Cheeseman was guilty of insubordination and properly dismissed. It is these determinations of the state board of education which Miss Cheeseman seeks to set aside.

The contract was in the usual form prepared by the commissioner of education under section 106 of the School law. *Comp. Stat., p.* 4762. It did not mention the principalship of the Monmouth street school. The Gloucester city board of education had the power of transfer (section 68, School law, *Comp. Stat., p.* 4744). Miss Cheeseman could not be dismissed or her salary reduced except for causes mentioned in the Tenure of Office act (*Comp. Stal., p.* 4763, § 106a), and in the manner prescribed in said act. Her salary was not reduced or she was not dismissed. A transfer is not a demotion or dismissal. Transfers are often advisable in the administration of schools for many reasons.

It is contended in behalf of the prosecutor that when Miss Cheeseman signed the contract the secretary of the local board told her that in signing the contract she was made the principal of the junior department of the Gloucester city

high school.  Assuming the statement was made by the secretary he was not in the making of such a statement acting within the scope of his authority.  The contract spoke for itself and could not be changed or altered by parol testimony.

It is further contended that Miss Cheeseman could not be guilty of insubordination and dismissed pending her appeal of the order of transfer to the state commissioner of education.  We do not think this point well taken.  Miss Cheeseman could have taken up the work in the Cumberland street school to which she was transferred under protest pending her appeal.  Such a course would not have prejudiced her appeal.  She chose to assume in her actions that the transfer was illegal.  In this Miss Cheeseman acted at her peril.  If the transfer was legal it necessarily follows that she was guilty of insubordination in refusing to obey the order, and that the board was justified after charges had been preferred and notice given to hear the case and order a dismissal, if it chose so to act.

We think there is no merit in the contention that the state commissioner and state board of education heard the appeals upon the record without taking testimony.  We fail to see how the prosecutrix was harmed in this respect.  The facts were not disputed.  There does not appear to have been any offer of testimony.  Both parties evidently were satisfied with the record.

We have reached the conclusion that the decision of the state board of education was correct.  It will be affirmed.  The writ is dismissed.