36 N.J. Super. 426 (1955)
116 A.2d 209
AUGUST LASCARI, PLAINTIFF-APPELLANT,
v.
THE BOARD OF EDUCATION OF THE BOROUGH OF LODI, IN THE COUNTY OF BERGEN AND STATE BOARD OF EDUCATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued July 18, 1955.
Decided July 29, 1955.
*428 Before Judges CLAPP, WAESCHE and ARTASERSE.
Mr. Carmen M. Belli argued the cause for appellant.
Mr. Harold D. Green argued the cause for respondent, The Board of Education of the Borough of Lodi of the County of Bergen.
The opinion of the court was delivered by ARTASERSE, J.S.C. (temporarily assigned).
This is an action in lieu of prerogative writ. The appeal is brought under R.R. 4:88-8 to review a decision of the State Board of Education of the State of New Jersey, which affirmed a decision of the Commissioner of Education holding that the appellant, August Lascari, did not have seniority over one Pasquale Maggese to the position of vice-principal of the high school in the Borough of Lodi. The proceeding before the Commissioner had been instituted by the appellant to test the validity of the action taken by the defendant, Board of Education of the Borough of Lodi, in the County of Bergen.
The State Board of Education was named as a respondent on this appeal and on its behalf the Attorney-General filed a statement pursuant to R.R. 1:7-4(b), but took no part in the oral argument.
The facts are stipulated. The appellant was appointed a teacher in the Lodi School district in 1940. In 1946 he became vice-principal of the Wilson School, an elementary school. On September 15, 1948, he was transferred from his position as vice-principal of the Wilson School to vice-principal of the high school during the absence of one Pasquale Maggese who was then the vice-principal of the high school and who had been granted a leave of absence on account of illness from October 1, 1948 to September 1, 1950. On August 21, 1950, by resolution of the Board of Education of the said school district the appellant was appointed "principal to be known and designated as `vice-principal of the high school.'" On the same date Pasquale Maggese was appointed *429 "co-ordinator of instruction." Pasquale Maggese voluntarily accepted this new position and served in said capacity until June 23, 1953, during which time the appellant served as vice-principal of the high school. On June 23, 1953, the local board abolished the position held by Pasquale Maggese as "co-ordinator of instruction" and returned him to the position of vice-principal of the high school and at the same meeting the Board removed the appellant as vice-principal of the high school and transferred him to teaching duties in the high school in which capacity he has been serving ever since without reduction of salary. The appellant is an honorably discharged veteran of World War II and no charges were made against him. Pasquale Maggese has been serving as vice-principal of the high school from June 23, 1953.
The appellant on or about August 10, 1953, filed a petition with the Commissioner of Education of this State by which he requested an order rescinding the action of the local board in removing him from the position of vice-principal of the high school and directing the local board to restore him to said position. The local board by its amended answer to the petition asserted eight separate defenses. The Commissioner of Education dismissed the appellant's petition. Thereafter the appellant appealed from the decision of the Commissioner and on February 4, 1955, the State Board of Education affirmed the decision of the Commissioner.
The appellant has made no claim with regard to his alleged appointment as "Principal" and it is therefore considered abandoned.
There are four questions involved in this appeal. These may be stated as follows: (a) What was the status of appellant's employment with the local board immediately prior to his re-assignment to teaching duties on June 23, 1953? (b) Do the provisions of R.S. 18:13-19 apply in determining the status of the appellant's employment with the local board? (c) Did appellant have greater seniority to the position of vice-principal of the high school than Pasquale Maggese according to the standards established to determine seniority pursuant to R.S. 18:13-19? (d) Did the appellant have *430 tenure to the position of vice-principal of the high school because of the Veteran's Tenure Act, R.S. 38:16-1?

a. Status of Appellant's Employment Immediately Prior to His Re-assignment to Teaching Duties on June 23, 1953:
Appellant would have us treat this case as though both co-ordinator and vice-principal were tenure categories. He is not entitled to this concession. R.S. 18:13-16 gives tenure to only four categories  teacher, principal, assistant superintendent and superintendent  and no rights of tenure attach to a gradation within any one of those categories. Lange v. Board of Education of Borough of Audubon, 26 N.J. Super. 83 (App. Div. 1953). There being no tenure status as vice-principal, appellant's tenure is merely that of teacher and he has not been deprived of such status, nor has his salary been reduced. In Greenway v. Board of Education of Camden, 129 N.J.L. 461, 465 (E. & A. 1943) our former Court of Errors and Appeals held:
"The district boards are expressly invested with authority to transfer principals and teachers. R.S. 18:6-20. The exercise of the power rests in sound discretion, conditioned by the provisions of sec. 18:13-17. Cheeseman v. Board of Education of Gloucester City, 1 N.J. Misc. 318; Downs v. Board of Education of Hoboken, 12 N.J. Misc. 345, affirmed 113 N.J.L. 401. The transfer was in no sense a demotion; * * *"
A transfer is not a demotion or dismissal. Cheeseman v. Board of Education of Gloucester City, 1 N.J. Misc. 318, 319 (Sup. Ct. 1923).

b. Application of R.S. 18:13-19:
R.S. 18:13-19 as amended, L. 1951, c. 292 and L. 1952, c. 236, effective July 1, 1952, provides in part as follows:
"Nothing contained in sections 18:13-16 to 18:13-18 of this Title or any other provision of law relating to tenure of service shall be held to limit the right of any board of education to reduce the number of superintendents of schools, assistant superintendents, principals or teachers employed in the school district whenever, in *431 the judgment of the board of education it is advisable to abolish any office, position or employment for reasons of a reduction in the number of pupils, economy, a change in the administrative or supervisory organization of the district, or other good cause. * * * Any dismissals occurring because of the reduction of the number of persons under the terms of this section shall be made on the basis of seniority according to standards to be established by the Commissioner of Education with the approval of the State Board of Education. In establishing such standards, the commissioner shall classify, in so far as practicable, the fields or categories of administrative, supervisory, teaching or other educational services which are being performed in the school districts of this State and may, at his discretion, determine seniority upon the basis of years of service and experience within such fields or categories of service as well as in the school system as a whole. Whenever it is necessary to reduce the number of persons covered by this section, the board of education shall determine the seniority of such persons according to the standards established by the Commissioner of Education with the approval of the State Board of Education and shall notify each person as to his seniority status. * * * All persons dismissed shall be placed on a preferred eligible list to be prepared by the board of education of the school district, and shall be re-employed by the board of education of the school district in order of seniority as determined by the said board of education. * * * Should any superintendent of schools, assistant superintendent, principal or teacher under tenure be dismissed as a result of such reduction such person shall be and remain upon a preferred eligible list in the order of seniority for re-employment whenever vacancies occur and shall be re-employed by the body causing dismissal in such order when and if a vacancy in a position for which such superintendent, assistant superintendent, principal or teacher shall be qualified. Such re-employment shall give full recognition to previous years of service."
It is obvious that this statute gave to the local Board of Education the right to abolish the position of co-ordinator of instruction which was held by Pasquale Maggese. The appellant's change of assignment at no reduction in salary was to make room for Mr. Maggese who was the former vice-principal of the high school and whose position of co-ordinator of instruction had been abolished. But the appellant contends that this statute cannot be applied to restore Mr. Maggese to the vice-principalship of the high school as he was not the holder of said position when the statute became effective and that the Commissioner of Education gave retroactive operation to the statute whereas it is only prospective in effect. The appellant relies on the cases of Nichols v. *432 Board of Education of Jersey City, 9 N.J. 241 (1952) and Lange v. Board of Education of Borough of Audubon, supra. These cases do not help the appellant. R.S. 18:13-19, as amended in 1951 and in 1952, was not in effect when said causes of action accrued and could not be applied to the facts in either case. To do so would have been to give retroactive operation to said statute. As was stated by Justice Burling in Nichols v. Board of Education of Jersey City, supra, 9 N.J., on page 248 "Words in a statute ought not to have a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them. * * * The language of the 1951 amendment is clear and unambiguous and makes no provision for retrospective operation." See Lange v. Board of Education of Borough of Audubon, supra, to the same effect. It is clear that the Commissioner of Education did not give retroactive operation to the statute in the instant case. The enactment of Chapter 292 of the Laws of 1951 as stated by the court in Nichols v. Board of Education of Jersey City, supra, indicated a change in policy and did not inure to the benefit of persons who had been dismissed, or had a change of employment category prior to the enactment of said statute. However, it does apply to all dismissals and changes of employment category occurring after its enactment. Inasmuch as the changes in employment category affecting both the appellant and Maggese occurred in 1953, after the enactment of the 1951 and 1952 amendments of said statute (R.S. 18:13-19), the Commissioner of Education properly gave only prospective effect to said legislation. The provisions of R.S. 18:13-19, as amended in 1951 and 1952, were properly applied in determining the status of the appellant's employment with the school district.

c. Did the Appellant Have Greater Seniority than Maggese to the Position of Vice-Principal of the High School?
We have already determined there is no tenure status in the position of vice-principal, but even if there were such *433 status the appellant would have been denied no right his tenure afforded him. N.J.S.A. 18:13-19, supra, states: "Any dismissals occurring because of the reduction of the number of persons under the terms of this section shall be made on the basis of seniority according to standards to be established by the Commissioner * * *." The standards established by the Commissioner of Education to determine seniority pursuant to R.S. 18:13-19 among others provide:
"2. Seniority, pursuant to R.S. 18:13-19, shall be determined according to the number of academic or calendar years of employment, or fractions thereof, as the case may be, in the school district in specific categories as hereinafter provided. Seniority status shall not be affected by occasional absences or leaves of absence.
3. Employment in the district prior to the adoption of these standards shall be counted in determining seniority."
"6. Where the title of any employment is not properly descriptive of the duties performed, the holder thereof shall be placed in a category in accordance with duties performed and not by title. Whenever the title of any employment shall not be found in the certification rules or in these rules, the holder of the employment shall be classified as nearly as may be according to the duties performed.
7. Whenever a person shall move from or revert to a category, all periods of employment shall be credited toward his seniority in any or all categories in which he previously held employment."
"Whenever any person's particular employment shall be abolished in a category, he shall be given that employment in the same category to which he is entitled by seniority. If he shall have insufficient seniority for employment in the same category, he shall revert to the category in which he held employment immediately prior to his employment in the same category, and shall be placed and remain upon the preferred eligible list of the category from which he reverted until a vacancy shall occur in such category to which his seniority entitles him."
Among the specific categories set forth in the standards so established is "high school vice-principal or assistant principal." The appellant was first employed in the school district in 1940 and on June 23, 1953, had served thirteen years within the district and had served as vice-principal of the high school from October 1, 1948, to June 23, 1953, a period of a little less than five years. Pasquale Maggese was first employed in the district in July, 1927, and on June 23, *434 1953, except for the period from October 1, 1948 to September 1, 1950, had served for an overall period of approximately twenty-four years and had served as vice-principal of the high school from June 9, 1938 to September 15, 1948, a period of over ten years. In accord with the standards established to determine seniority, supra, it is clear that Mr. Maggese had seniority over the appellant as to calendar years of employment and also in the specific category of vice-principal of the high school. The appellant, August Lascari, having been removed from the category of vice-principal of the high school has a right to be placed upon a preferred eligible list to be prepared by the local board for re-employment as vice-principal of the high school.

d. Did the Appellant Have Tenure to the Position of Vice-Principal Because of the Veteran's Tenure Act, R.S. 38:16-1?
This question we need not consider. It has been raised but not argued.
Pasquale Maggese, not having been made a party to these proceedings, our expressions herein are not intended to adjudicate his rights in any respect.
Affirmed.