52 N.J. Super. 105 (1958)
144 A.2d 897
NATHAN MORESH AND FRANK J. SINGER, PLAINTIFFS-APPELLANTS,
v.
THE BOARD OF EDUCATION OF THE CITY OF BAYONNE IN THE COUNTY OF HUDSON, A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 17, 1958.
Decided September 29, 1958.
*108 Before Judges CONFORD, FREUND and HANEMAN.
Nathan Moresh, plaintiff-appellant, argued the cause pro se (Frank J. Singer, plaintiff-appellant, also appearing pro se).
Mr. H. Hugh Cohen argued the cause for defendant-respondent.
The opinion of the court was delivered by CONFORD, J.A.D.
Plaintiffs have since 1937 and 1935, respectively, been school teachers in the public school system of the City of Bayonne. In 1955 they were appointed by the defendant board to the position of "teaching Vice-Principals" and they became full time vice-principals in July 1956. They served as such until July 1, 1957, when they were relegated to their former status as teachers as the result of a resolution of the board adopted March 14, 1957. This abolished eight of the 12 existing elementary school vice-principalships, including those of plaintiffs, "for reasons of economy and the more efficient operation of the Bayonne Public School System." The eight positions *109 abolished had all been created in 1955. Elementary school vice-principals receive an annual salary increment greater by $50 than that of teachers and may attain a higher maximum salary. The position of vice-principal involves duties of a supervisory and administrative nature not required of teachers.
Plaintiffs are honorably discharged veterans of World War II, and, as such, brought this action in lieu of prerogative writs to set aside the resolution insofar as it affects them and leaves undisturbed the four remaining vice-principals who are not veterans. Reliance is had upon N.J.S.A. 38:16-1. The trial court determined the merits in favor of and entered judgment for defendant.
The four remaining vice-principals have been serving as such for periods of time substantially longer than either of the plaintiffs. It was stipulated in the pretrial order that "no issue of bad faith is raised."
To establish the right to a preference in public employment the claimant "must be able to put his finger upon the precise provision of the statute which confers it." Pondelick v. Passaic County, 111 N.J.L. 187, 192 (Sup. Ct. 1933). The statute here relied upon by plaintiffs has nothing to do with preferences in retention of employment. And see the Pondelick case, supra (111 N.J.L. at page 191). It simply prohibits the removal of honorably discharged veterans in certain descriptions of public employment except for good cause after fair and impartial hearing. It does not prevent the abolition by a public employing agency of a position held by a veteran for reasons of efficiency or economy, in good faith, and his consequent separation from the service. Barringer v. Miele, 6 N.J. 139 (1951); Bouley v. Borough of Bradley Beach, 42 N.J. Super. 159 (App. Div. 1956). Since the concession in the pretrial order and the absence of any proof to the contrary establish for present purposes the good faith of the defendant board in abolishing plaintiffs' positions for economy and efficiency, the lack of foundation for their grievance in any statute they rely upon appears manifest. Cf. N.J.S.A. 38:16-3.
*110 At the argument the court called the attention of the parties to N.J.S.A. 11:27-8, not cited by either side. This provision gives preference to veterans where reduction for reasons of economy or efficiency is made of employees of the State or of any county, municipality or school district operating under the provisions of the civil service statute. Defendant correctly noted the inapplicability of this enactment in the present case in the light of the conceded fact that the school district here involved is not operating under civil service. The existence of this statute is not, however, without some interpretative significance in relation to the plaintiffs' contention that the legislative intent in the enactment of the veterans' tenure act (N.J.S.A. 38:16-1 et seq.) extended to prevention of discharge of veterans in cases of abolition of positions when non-veterans were retained in similar positions. Since these statutes should be considered in relation to each other, as in pari materia, the special treatment of veterans' preferences in relation to bona fide reduction of positions for economy or efficiency in N.J.S.A. 11:27-8 weighs against plaintiffs' concept as to the breadth of the legislative intent in this regard in enacting N.J.S.A. 38:16-1. See Pondelick v. Passaic County, supra (111 N.J.L. at page 193).
In deciding for the defendant the trial court relied upon what it deemed the affirmative authorization for the action of the defendant in N.J.S.A. 18:13-19. This statute, particularly as amended by L. 1951, c. 292, and L. 1952, c. 236, is not without obscurity and ambiguity. We therefore prefer to rest our affirmance of the judgment upon what has been said above. We are inclined, however, to agree in part with the reasoning of the trial court in finding added support for its conclusion in the section cited.
R.S. 18:13-16 to 20, inclusive, dealt generally with tenure of service of local instructional and supervisory school personnel. Judge McGeehan held in the trial court that, as now amended, these statutes effectuate two broad legislative purposes: (a) to fix the tenure of persons in certain specific positions in the local educational systems, viz. *111 "teachers, principals, superintendents and assistant superintendents," and (b) to govern the procedure for fixing seniority in case of the dismissal or reduction in salary of persons holding any kind of position in the teaching, administrative or supervisory organization of the school district, whether or not encompassed by the specific positions enumerated in (a). As held in Lascari v. Board of Education of Lodi, 36 N.J. Super. 426 (App. Div. 1955), and Lange v. Board of Education of Audubon, 26 N.J. Super. 83 (App. Div. 1953), the only positions accorded tenure are those specified in the foregoing quotation. Persons in any other categories, such as vice-principals, supervisors, etc., do not obtain tenure as such but only in the status of the incumbent as a teacher. But the language of N.J.S.A. 18:13-19, although not a model of legislative clarity, appears to be broad enough, as held by Judge McGeehan, to extend the coverage of the provisions of the section controlling dismissals in case of bona fide reductions of employees by standards of seniority to be established by the State Commissioner of Education, to every position in "the fields or categories of administrative, supervisory, teaching or other educational services which are being performed in the school districts of this state" (to use the statutory language).
It consequently would appear that the position of "vice-principal" comes within the last mentioned aspect of the coverage of the statutory section cited. Since the action of the defendant board concededly followed standards promulgated by the State Commissioner of Education in giving seniority to the four vice-principals in service as such prior to plaintiffs, the validity of the resolution under attack gains additional support thereby. The applicability of these procedures to all personnel, whether or not war veterans, seems clear, except possibly in cases controlled by N.J.S.A. 11:27-8. As that section by its terms does not apply to this school district, it is unnecessary for us to pursue the inquiry further.
Judgment affirmed.