74 N.J. Super. 229 (1962)
181 A.2d 41
HENRY J. SCHRODER, PLAINTIFF-APPELLANT,
v.
KOLOMAN G. KISS, DIRECTOR OF THE DEPARTMENT OF STREETS AND HIGHWAYS, TOWNSHIP OF UNION, IN THE COUNTY OF UNION, A MUNICIPAL CORPORATION OF NEW JERSEY, DEPARTMENT OF CIVIL SERVICE AND CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 11, 1961.
Supplemental Briefs Filed January 16, 1962.
Decided May 15, 1962.
*231 Before Judges GOLDMANN, FOLEY and BARRETT.
*232 Mr. Meyer H. Ginsberg argued the cause for appellant (Messrs. Ginsberg and Simone, attorneys; Mr. Ginsberg, on the brief).
Mr. Sam Weiss argued the cause for respondents Kiss and Township of Union (Messrs. Kein, Scotch & Pollatschek, attorneys; Mr. Weiss, on the brief).
Mr. William L. Boyan, Deputy Attorney General, argued the cause for respondents Department of Civil Service and Civil Service Commission of the State of New Jersey (Mr. David D. Furman, Attorney General, attorney; Mr. Boyan, on the brief).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Plaintiff appeals from a Law Division judgment granting the motion of defendants Kiss and Union Township to dismiss the complaint for failure to state a claim upon which relief could be granted.
The first count of the complaint provides an outline of the factual background of the action. We have fleshed out its bare recitals by exercising our original jurisdiction, R.R. 1:5-4 and 2:5, and calling upon the parties to provide us with all record material pertaining to the question at issue, including correspondence, notifications, intra-departmental memoranda, investigation reports, etc. Plaintiff and defendants have fully cooperated in supplementing the record, reflected in the recital which follows.
Plaintiff is a disabled veteran and a resident and taxpayer of the Township of Union which, since 1929, has operated under civil service. On October 13, 1959 the township committee passed a resolution purportedly creating the position of Assistant Street and Sewer Superintendent (hereinafter Assistant Superintendent). (Although the parties speak of this resolution as having created the position, it is settled law that under R.S. 40:48-1 a municipal office or position, if not created by statute, can come into being only by local ordinance. Handlon v. Town *233 of Belleville, 4 N.J. 99, 108, 16 A.L.R.2d 1118 (1950); Jersey City v. Department of Civil Service, 7 N.J. 509, 524 (1951).) The township committee on the same date passed a second resolution reciting the creation of the position of Assistant Superintendent, and that one Falcetano had since April 23, 1958 held a temporary appointment as Acting Street and Sewer Superintendent; appointing him Acting Assistant Superintendent, effective October 16, 1959, and resolving that application be made to defendant Civil Service Department to hold an examination for that position. Such an examination was subsequently requested. On December 22, 1959 the township committee (now acting in accordance with R.S. 40:48-1) adopted an ordinance creating the position of Assistant Street and Sewer Superintendent.
The Department of Civil Service held an open competitive examination for the new position on July 15, 1960. Thereafter, on August 25, the Department notified defendant township that four persons had passed the examination, and furnished it with an employment list or eligible roster containing the names of plaintiff Schroder, Fitzgerald, Falcetano and Wirth, in that order, the first two being identified as veterans. As a matter of actual examination rating, Falcetano had finished first and plaintiff second. The next day, August 26, Falcetano's attorneys wrote the township committee, enclosing copies of letters they had written the Civil Service Commission on July 29 and again that very day, requesting a hearing and a review of the qualifications of plaintiff and Fitzgerald, and further requesting that no appointment be made pending Commission action. The objection to plaintiff and Fitzgerald was that they did not possess the required two years of supervisory experience in the construction, maintenance and repair of streets and sewers.
On September 19, 1960 the Department, through its chief examiner and secretary, certified to the township the names and addresses of plaintiff, Fitzgerald and Falcetano, in that *234 order, for the position of Assistant Superintendent, and requested it to notify the eligibles of the time and place to report for an interview, and to notify the Civil Service Commission of the appointment made. The very next day Falcetano's attorneys wrote the township committee that they had learned of the certification list, advising that they had demanded a hearing from the Civil Service Commission to protect the rights of their client, and urging that the township committee take no action until such a hearing had been held. The attorneys also wrote the Department, again demanding a hearing on behalf of Falcetano.
Plaintiff applied for the position of Assistant Superintendent by letter dated September 21, 1960. Fitzgerald also wrote the township, expressing his interest in the position. On September 22, 1960 the Department notified plaintiff, Fitzgerald, Falcetano and his attorneys, as well as the township that certification for the position was being held in abeyance pending study by the Department of the examination it had previously held.
In the meantime, the Department had written Fitzgerald on September 8 of the letter it had received from Falcetano's attorneys claiming he was not qualified for the position and asking him to supply evidence of the required supervisory experience. The Department also wrote plaintiff's attorneys of the objection made on behalf of Falcetano to the qualifications of plaintiff and Fitzgerald. Although Fitzgerald was given adequate opportunity to present satisfactory proof to the Department of two years' supervisory experience, he was unable to do so. The Department accordingly removed his name from the eligible roster, and on December 1, 1960 duly notified him of the action taken. It also wrote Falcetano's attorneys of the removal of Fitzgerald's name and informed them that a rechecking of plaintiff's application showed he met the minimum requirements for the position. His name would therefore be continued on the eligible roster. A copy of this letter was sent to plaintiff's attorneys.
*235 On December 15, 1960 Wirth, the fourth and last man on the eligible roster, wrote the Department that he was no longer interested in the position of Assistant Superintendent and withdrew his application from any further consideration. This notification formalized his earlier notification of withdrawal. Pursuant to a telephone conversation with the township mayor, the Department wrote him on December 22 enclosing copies of the letters it had sent on December 1 to Fitzgerald and Falcetano's attorneys. On January 11, 1961 Schroder wrote the Department stating he was willing to accept a temporary appointment as Assistant Superintendent until a permanent one was made. He claimed he was entitled to a temporary appointment under Civil Service rules because the present holder of the position, Falcetano, had been appointed on a temporary basis and was not entitled to continue therein. The Department replied that Falcetano had passed the examination, had proved himself qualified to remain in the position, and would be permitted to continue serving on a temporary basis until the Department could furnish the township with the names of three interested persons. On February 14, 1961 the township committee adopted an ordinance repealing the ordinance creating the position of Assistant Street and Sewer Superintendent. Falcetano was formally notified that the position he was temporarily filling had been abolished, and this fact was duly noted on the records of the Department of Civil Service. Falcetano was given another job by the township authorities.
The complaint, filed March 10, 1961, claimed that Falcetano's new job involved essentially the same duties and compensation as previously fixed for the position of Assistant Superintendent. Plaintiff alleged that the action of the township committee in abolishing the position on February 14, 1961 was unlawful and made in bad faith because the need for the position was greater than when it was created on the preceding October 13; the position had not been abolished, but its duties and compensation *236 transferred to Falcetano's new job; and the action of the township committee in repealing the ordinance had been motivated by political reasons to favor Falcetano, who lacked the necessary experience.
The second count of the complaint charged that in the period from September 22, 1960 to February 14, 1961 defendant Department had wrongfully and improperly failed and neglected to notify the township of the results of its study of the position of Assistant Superintendent, and to confirm plaintiff's certification as No. 1 on the list of eligibles. Further, during the same period defendant township had wrongfully and improperly failed and neglected to request of the Department a list of eligible persons and had continued to employ Falcetano.
Plaintiff demanded judgment setting aside the repealer ordinance of February 14, 1961, commanding the Department to certify plaintiff's name to the township committee for the position of Assistant Superintendent on either a permanent basis or on a temporary basis until the Department could certify three names for permanent appointment, and commanding the township to employ plaintiff on a temporary basis and pay him the compensation provided for the position.
Following the institution of the action the Department conducted an audit of the job to which Falcetano had been assigned. The Department has, in addition to the other records we requested of it, supplied us with the results of that audit. These records show that the audit was a detailed and thorough one. It showed that the duties performed by Falcetano should be classified under the more appropriate title of street foreman in the competitive division of Civil Service. He was to be considered as serving temporarily in that position pending a promotional examination. However, he would not be eligible to take that examination since he only had permanent status in the labor division; the only employees eligible to compete in *237 a promotional examination would be those holding permanent status in the competitive division.
None of the defendants filed an answer. Instead, as earlier noted, defendant Kiss and the Township of Union moved to dismiss the complaint for failure to state a claim upon which relief could be granted. In dismissing the complaint the court specifically reserved plaintiff's rights to take appropriate proceedings before the Civil Service Commission. In his oral opinion, the Law Division judge stressed that plaintiff had failed to exhaust his administrative remedies before the Civil Service Commission, noting that the exceptions to the exhaustion doctrine mentioned in such cases as Nolan v. Fitzpatrick, 9 N.J. 477 (1952), and Central R.R. Co. v. Neeld, 26 N.J. 172 (1958), did not apply. Plaintiff's proper remedy was an administrative appeal to the Civil Service Commission, followed by possible review by the Appellate Division.
Plaintiff demanded no relief against defendant Kiss, nor did the complaint allege any wrongdoing on his part. Accordingly, dismissal as to Kiss was proper.
We also conclude that no cause of action was stated as against defendant Department of Civil Service. The demand for relief was in the nature of mandamus, in that plaintiff asked the Law Division to compel the Department to certify plaintiff's name to defendant township, after alleging that the Department had failed and neglected to notify the township of the results of its study. The record shows that the Department had in regular course notified the township that the name of Fitzgerald, the second man on the certification list, had been removed because he did not meet the minimum requirements for the position. Plaintiff had also been notified, through his attorneys, on December 1, 1960.
With Fitzgerald's name removed from the list and Wirth no longer interested in having his name considered for the position, only two names were legally available, under Civil *238 Service law and regulations, for appointment as Assistant Superintendent.
The Department of Civil Service not only had the power, but the duty, to review the qualifications of the applicants and delete the names of any not qualified. R.S. 11:23-2; Vanderwart v. Dept. of Civil Service, 19 N.J. 341 (1955), dealing with the parallel statutory provision relating to the state service, N.J.S.A. 11:9-6. It also clearly had the power and the duty to delete the name of anyone not "willing to accept employment." N.J.S.A. 11:22-16 and 11:27-4. That Fitzgerald's name was removed from the certification list for cause, because he did not meet the minimum requirements, and Wirth's deleted because he was no longer interested in the position, stands unrefuted. The Attorney General has represented that the Civil Service records were before the trial judge at the time of the argument on the motion to dismiss. Indeed, the oral opinion of the trial judge reflects his knowledge of the fact that Fitzgerald's name, at least, was not on the list of eligibles.
We observe, in passing, that Fitzgerald has never questioned the removal of his name from the eligible list, although he had the right, under R.S. 11:23-2, to demand a hearing before the Civil Service Commission. Wirth, of course, had absolutely no reason to challenge the striking of his name, because he requested the Department to take exactly that action. Since the list of persons eligible for appointment had, in regular and legal course, been reduced to two, what were plaintiff's rights?
The Civil Service Act states that all municipal appointments must be made in accordance with that law, R.S. 11:21-1, and that appointments "shall be made only according to merit and fitness, to be ascertained, so far as practicable, by examinations, which so far as practicable shall be competitive," R.S. 11:21-3. Cf. R.S. 11:4-2; N.J. Const. of 1947, Art. VII, Sec. I, par. 2.
*239 N.J.S.A. 11:22-16 provides that the Civil Service Commission shall certify to the appointing authority the names and addresses of three candidates willing to accept employment, standing highest on the employment list for the position, and that the appointing authority shall select one of the three so certified. Cf. R.S. 11:10-1 and 11:10-6, relating to the state service. Statutory provisions like these have universally been regarded as intended to guarantee the appointing authority a minimum opportunity for the exercise of discretion in the selection of particular employees. See Kaplan, Civil Service, pp. 171-4 (1958). N.J.S.A. 11:27-4 directs that whenever the name of a disabled veteran appears on the list of three, he shall have first preference for appointment to the position. Thus, if a list of three had been in existence, plaintiff would have been entitled to the position because he was a disabled veteran.
The appointing authority is not obliged to appoint from a list with less than three names, and no one argues to the contrary. However, the Department acknowledges that where an appointing authority is willing to make an appointment from such a list, there is no reason why it should be prevented from doing so. The Department has always recognized that right. However, the township committee never attempted to make a permanent appointment.
A list of less than three names does have a limited viability. If, as here, no permanent appointment is made and the Department holds a further examination, its practice has been to add to the less-than-three list the names of candidates successful in the new examination, thereby making possible a list of three. Moreover, a list of less than three names is also considered viable by the Department because its Rule 47 gives persons on such a list a prior right to temporary appointment, provided they make application therefor. Plaintiff may have known of this rule, for he did ask for temporary appointment to the Assistant Superintendent position on January 11, 1961, before the repealer ordinance was adopted.
*240 The fact remains, however, that no permanent appointment was made from the list of two eligible candidates, plaintiff and Falcetano, and the position was abolished when the township committee adopted the ordinance of February 14, 1961. The Civil Service audit shows that such duties as were specified for the position in the original ordinance of October 13, 1959 have not been transferred to another position. It follows that no certification and no appointment can be made under the present circumstances. Plaintiff's right to relief is determined by the law in effect at the time the court is called upon to act. Cf. Crecca v. Nucera, 52 N.J. Super. 279, 284 (App. Div. 1958); Milton v. Dept. of Civil Service, 71 N.J. Super. 135, 140 (App. Div. 1961).
Until the township committee chose to make a permanent appointment from the original list of three, or even the reduced list, plaintiff had nothing more than an inchoate right for preferential consideration by reason of his veteran's status. He had no vested right to the position, and the fact that he was a veteran could not create such a right. One who successfully passes an examination and is placed on an eligible list does not thereby gain a vested right to appointment. The only benefit inuring to such a person is that so long as the eligible list remains in force, no appointment can be made except from that list. Hurley v. Board of Education of New York, 270 N.Y. 275, 279, 200 N.E. 818, 820 (Ct. App. 1936); Kelly v. Board of Education of New York, Sup., 125 N.Y.S.2d 42, 45 (Sup. Ct. 1953); Graham v. Bryant, 123 Cal. App.2d 66, 70, 266 P.2d 44, 47 (D. Ct. App. 1954); Couch v. Stanley, 228 Iowa 790, 796, 293 N.W. 482, 485 (Sup. Ct. 1940).
We find plaintiff's claim that defendant Department failed and neglected to notify the township, during the period from September 22, 1960 until February 14, 1961, of the results of its study, and to confirm plaintiff's certification as No. 1 on the list of eligibles, to be without support *241 in the record. The township and plaintiff, as already observed, were both notified that Fitzgerald, the second man on the list, had been stricken as an eligible. The Department could not have ordered the township to appoint plaintiff from the reduced list, nor was the township under any legal obligation to make such an appointment.
The question before us therefore reduces itself to plaintiff's claim that the township unlawfully abolished the position of Assistant Superintendent when it adopted the ordinance of February 14, 1961. This is not a case where the duties of Assistant Superintendent have been transferred to another position, or are actually being performed by another person. Although Falcetano may have been favored by the township, first by holding a temporary appointment as Acting Street and Sewer Superintendent from April 23, 1958 to October 16, 1959, and thereafter as Acting Assistant Superintendent until February 16, 1961, the audit reveals that he is now properly classified in his permanent position of laborer in the labor division, working in the township's Department of Streets and Sewers. He is not eligible to take the promotional examination for street foreman in the competitive division. He receives compensation on an hourly basis, as contrasted with the annual salaries that attended his earlier temporary appointments.
In short, there is no such position as Assistant Street and Sewer Superintendent, nor any duties and responsibilities appropriate to that position. The record clearly establishes that the position no longer exists, either in law or in fact. We must therefore hold that when the township committee on February 14, 1961 repealed the ordinance creating the position, it did so in a bona fide exercise of municipal power and discretion. We conclude that plaintiff's demand for judgment setting aside the repealer ordinance was correctly denied by the trial court.
Our disposition of the matter makes unnecessary any consideration of township's argument that Falcetano should have been made a party defendant. We note, however, that *242 he did not ask to be joined as defendant, nor was this necessary in the circumstances. Indeed, he had no such interest in the controversy that final judgment could not be rendered without injuriously affecting any possible interest he might have.
The judgment is affirmed.