76 N.J. Super. 429 (1962)
184 A.2d 765
JOSEPH L. MARRANCA, PLAINTIFF,
v.
ROLF T. HARBO, DIRECTOR, ELIZABETH POLICE DEPARTMENT AND THE DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, THOMAS M. BRENNAN, JR., BASIL W. LEACH, WILLIAM F. McMAHON, JR., EDWARD T. TIERNEY AND CARL R. SCHLICKER, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 11, 1962.
*432 Mr. Milton M. Unger for plaintiff (Messrs. Milton M. and Adrian Unger, attorneys).
Mr. John M. Boyle, City Attorney, for defendant Harbo.
Mr. Eugene J. Kirk for defendant Brennan.
Mr. Seymour S. Lichtenstein for defendant Tierney.
Mr. William L. Boyan, Deputy Attorney General, for defendant Department of Civil Service of New Jersey (Mr. Arthur J. Sills, Attorney General, appearing).
*433 FELLER, J.S.C.
This is an action in lieu of prerogative writs brought to set aside the appointments of Thomas M. Brennan, Jr., Basil W. Leach, William F. McMahon, Jr., Edward Tierney and Carl R. Schlicker to the rank of sergeant in the Elizabeth Police Department. The plaintiff also seeks to have the certified civil service list for the position of sergeant, dated January 26, 1961, set aside as invalid, and, finally, plaintiff seeks to have the defendant Rolf T. Harbo, Director of the Elizabeth Police Department, ordered to appoint the plaintiff to the rank of sergeant in the said department.
Plaintiff Joseph L. Marranca, a disabled veteran, is a patrolman in the Elizabeth Police Department. On or about May 4, 1957 plaintiff took a Civil Service promotional examination for the position of sergeant, and received a certified listing by the New Jersey Civil Service Commission. This list became effective on March 12, 1958, and plaintiff was listed No. 7 on said list. The original expiration date of the list was March 12, 1960. However, because of extensions pursuant to R.S. 11:9-10 by the Civil Service Commission, the expiration date of the list was set for March 12, 1961.
Because of various appointments from this list, plaintiff on or before September 2, 1958 became No. 1 on the list. In January 1960 a vacancy occurred in the sergeant's complement. This vacancy remained open, and on October 1, 1960 a second vacancy occurred which was not filled either.
On January 26, 1961 the Department of Civil Service promulgated a second list of those eligible for the position of sergeant. The listings at this time were the result of a written examination given on May 21, 1960. Plaintiff was No. 16 on this second list.
On March 7, 1961, after plaintiff had requested the defendant Harbo to appoint him to fill one of the vacancies now existing, of which there were then three, the plaintiff filed a suit against the defendant Harbo. This suit, in which the summons and complaint were served on March 13, 1961, *434 sought relief solely against Harbo, the Director of the Elizabeth Police Department. The complaint charged Harbo with arbitrarily failing and refusing to promote the plaintiff to the position of sergeant, and requested the court to order and direct the defendant Harbo to promote the plaintiff to the rank of sergeant in the Elizabeth Police Department. Thus, the action was originally one in mandamus.
While this suit was pending, Harbo, the Director of the Elizabeth Police Department, requested certification of names for the rank of sergeant from the Department of Civil Service. This was done on June 30, 1961. Pursuant to this request, on July 5, 1961 the Commission certified five names from the second list which was promulgated on January 26, 1961. All of these names taken from the second list were below the plaintiff on the first list. Of these five, Brennan, Leach and Tierney are veterans and McMahon and Schlicker nonveterans. Subsequently, in October 1961 the plaintiff amended his complaint by seeking further relief in the form of setting aside these appointments from the second list and declaring the second list invalid. Thereafter, in January 1962 the complaint again was amended to join the Civil Service Commission as a defendant.
It is the contention of the plaintiff that he, as No. 1 on the eligible list, was entitled to be promoted to fill an existing vacancy. Upon defendant Harbo's refusal to appoint him, it is plaintiff's further contention that the institution of his suit against Harbo on March 7, 1961 extended the eligible list pursuant to R.S. 11:22-33. Therefore, any appointments made from the second list while the first list was still in effect are void. Plaintiff also contends that because certain nonveterans were among those appointed, he is entitled to be promoted because the defendant Harbo did not show cause before the Civil Service Commission pursuant to N.J.S.A. 11:27-6 which provides as follows:
"Nothing contained in sections 11:27-2 to 11:27-5 of this Title shall apply to promotions; provided, however, that whenever any examination for promotions be held and any veteran shall receive the *435 highest certification from among those qualified, before such appointive power shall appoint for promotion any nonveteran, such appointive power shall show cause before the Civil Service Commission why such veteran should not receive such promotion."
It is the contention of all of the defendants that the institution of the suit against Harbo did not extend the first list because (1) R.S. 11:22-33, which was enacted when the old practice existed, contemplated the institution of a proceeding not by the filing of a complaint, as was done on March 7, 1961, but by an actual service of the summons which was done on March 13, 1961, after the list had expired. Thus, the suit did not extend the list since it was not commenced in time; (2) the failure to join the Civil Service Commission in the original suit, if it was filed in time, was fatal; (3) the plaintiff has failed to exhaust his administrative remedies; (4) the action should have been begun in the Appellate Division pursuant to R.R. 4:88-8 and R.R. 4:88-10, and (5) the appointments from the second list were valid.

I.
The controversy here is solely one of statutory construction. There is no doubt that in the absence of an extension the duration of the list expired on March 12, 1961. R.S. 11:22-33 states:
"When an eligible list has been established by the commission for any position or employment in the service of any county, municipality or school district, and a proceeding has been instituted in any court of record, with respect to the filling of any position or employment from such eligible list, such list shall not expire during the period in which such litigation is pending but shall be extended from the time of the entry of judgment, for a period of time equal to the period during which such proceeding or litigation was pending."
It is conceded that (1) eligible list has been established by the commission, and (2) a proceeding has been instituted in a court of record with respect to the filling of a position from such eligible list. The Civil Service Commission contends *436 that the word "proceeding" used in this statute means "proceeding in which the Civil Service Commission is a party." But, as stated in Kroll v. Clauson, 74 N.Y.S.2d 21 (Sup. Ct. 1947), the defendant Commission has failed to point out any direct manifestation by the Legislature of an intention to limit the words used. In the Kroll case, which was an interpretation of the words "eligible list" under the New York Civil Practice Act, the court, at page 22, stated:
"Words used in a statute are to be given their natural and obvious meaning, and the court should not interpolate exceptions or limitations which are not stated."
A court should not write in an additional qualification which the Legislature pointedly omitted in drafting its own enactment. Craster v. Board of Commissioners of Newark, 9 N.J. 225 (1952). In the construction of a statute, words should never be supplied or changed, unless to do so will effect a meaning clearly shown by the other parts of the statute, or to carry out an intent somewhere expressed. Lane v. Schomp, 20 N.J. Eq. 82 (Ch. 1869). From an examination of the Civil Service Act (R.S. Title 11) no other meaning requiring the Commission to be an original party is shown. It is clear that the promotions to the position of sergeant in the City of Elizabeth were solely in the discretion and final control of the city. The only contact with the promotions by the Commission is the preparation and certification of a list of eligibles for each vacancy. Any controversy over the filling of any position from the eligible list would naturally involve the appointing authority, but not necessarily the Commission. It is this appointing authority, the City of Elizabeth, through its agents, which will be in error if it appoints from an invalid list. It is this appointing authority which deliberately requested the certification of names from the Commission in June 1961 without notifying the Commission that a suit had been instituted concerning the filling of a position. The tenor of the Civil Service Act is to separate the appointing power and place it *437 solely in the hands of an appointing authority, not the Commission. With this separation comes the duty of the appointing authority to notify the Commission of a suit against it before it requests certification from the Commission.
Therefore, it was not necessary to make the Civil Service Commission a party defendant in the original proceeding instituted in an attempt to extend the eligible list under R.S. 11:22-33.

II.
If the statute, R.S. 11:22-33 is to be construed by applying the present court rules, it is clear that the filing of the complaint on March 7, 1961 was a timely institution of the proceeding. R.R. 4:3-1, which provides that a civil action is commenced by the filing of a complaint with the court. However, assuming that the old practice which was operative in 1933  the date of the enactment of the statute  is to be applied, the suit is still timely.
The original action of mandamus, an action at law, under the rules as in existence in 1933, is instituted as soon as the writ is sealed and issued out of the office of the attorney unless there is a lack of good faith intention to serve it or proceed upon it within a reasonable time. Whitaker v. Turnbull, 18 N.J.L. 172 (Sup. Ct. 1840); Updike v. Ten Broeck, 32 N.J.L. 105 (Sup. Ct. 1866); Williams v. Evenstein, 2 N.J. 60 (1949). The service did not have to be made nor did the summons have to be immediately delivered to the sheriff. McCracken v. Richardson, 46 N.J.L. 50 (Sup. Ct. 1884). See also Pleading and Practice in New Jersey (rev. ed. 1939), sec. 92; Schnitzer and Wildstein, New Jersey Rules Service, A IV-21. Therefore, in 1933 it was not the actual service which commenced the suit as argued by the defendants, but a signing and sealing of the summons with a present good faith intention of making immediate service as soon as reasonably may be. Harris, supra, sec. 92, p. 77.
*438 Since the summons and complaint was filed in Trenton on March 7, 1961 and served on March 13, 1961 it can be safely assumed that it was signed and sealed just a short time prior to March 7, 1961 with a good faith intention of serving it within an immediate but reasonable time thereafter. This is in compliance with the 1933 practice, if it is applicable, and extended the list.
Thus it is evident that the original suit against the defendant Harbo was instituted within time.

III.
Plaintiff's original action was one in lieu of mandamus to compel the Director of the Elizabeth Police Department to promote him to the rank of sergeant. Subsequently the action also became one of quo warranto to try the title to the office of sergeant when the five other defendants were promoted from the second list. As an incident to both of these actions the validity of the conduct of the Civil Service Commission and the second list's validity were put in issue.
The only source of administrative remedies was in the Civil Service Department, which does not have the jurisdiction to compel any appointing authority to exercise its discretion as to the appointment or promotion to a position. Swede v. City of Clifton, 22 N.J. 303, 314 (1956). The action of mandamus is one which must be brought by an aggrieved person, firm or corporation, complaining of wrongful official action which adversely affects financial or other substantial interests. Al Walker, Inc. v. Borough of Stanhope, 23 N.J. 657 (1957). Not only was the Commission incapable of compelling the promotion but it was not endowed with jurisdiction to make the ultimate determination of the basic questions of the legal title to office. The "exhaustion" rule proper has a limited application; and where, as in New Jersey, the administrative jurisdiction over the subject matter is not primary and exclusive, barring judicial review until after agency action, rather than merely concurrent or secondary power, in its essence discretionary, there is *439 no occasion for invoking the doctrine unless there be also an issue essentially administrative involving agency expertness and discretion, in its nature peculiarly administrative rather than judicial. Swede v. City of Clifton, supra.
Therefore, there was no need to resort to administrative remedies where such attempt would be futile because of the lack of an essentially administrative issue involving agency expertise, and the absence of jurisdiction to grant the relief sought.

IV.
The Commission contends that the Law Division is without jurisdiction in this cause because R.R. 4:88-8 prescribes that the review of a final decision or action of any state administrative agency shall be by appeal to the Appellate Division. The "action" of the state agency here sought to be reviewed is the establishment of the second list as the eligible list and the certifications made therefrom.
The inital proceeding, which was solely against a municipal agency, and which sought to review municipal action, was properly laid in the Law Division since there was no state agency then involved as a party, nor were its actions challenged. However, when the Civil Service Commission in July 1961, at the request of the Director of the Elizabeth Police Department, certified five names for promotion from an alleged illegal list, its conduct became open to challenge by the plaintiff because of the impairment of his interests, whether they were vested or inchoate. Therefore, when the Civil Service Commission was joined as a party in January 1962 the legality of the second list, which was in the Commission's control, as well as the validity of the certifications made therefrom, was being subjected to review by the Law Division.
Under our present practice the Law Division and the Appellate Division each has jurisdiction over all prerogative writ cases, no matter by what writs they would have been prosecuted at common law, the only difference being that if *440 the defendant is a state agency, plaintiff should proceed in the Appellate Division by appeal pursuant to R.R. 4:88-8, or for a declaratory judgment under R.R. 4:88-10, while against all other agencies he must sue in the Law Division. In other words, regardless of the essential sameness of the claim, it is only the identity of the defendant that determines whether one Division or the other has jurisdiction. De Nike v. Board of Trustees, State Employees' Retirement System of N.J., 62 N.J. Super. 280, 291 (App. Div. 1960), affirmed 34 N.J. 430 (1961).
As soon as an act of a state administrative agency was sought to be reviewed, the plaintiff could have filed a notice of appeal pursuant to R.R. 4:88-8. The Commission requests that this court to transfer the cause to the Appellate Division pursuant to R.R. 1:27D and De Nike v. Board of Trustees, etc., supra. Neither authority, however, compels us to do so. First of all, R.R. 1:27D provides, "Except as elsewhere provided in these rules * * *"; secondly, the De Nike case, and similar cases in which transfers by the Law Division have been recommended by the Appellate Division, rather than dismissing the writ, have involved actions solely against state agencies.
If this court should transfer the action against the state agency to the Appellate Division pursuant to R.R. 1:27D, certain difficulties would arise. Primarily, it is not provided in the Rules that this court can transfer the original action against the municipal agency. A severance of this action at this late date will cause hardship because of the direct interest in the list possessed by all defendants. Also, assuming that both actions can be transferred, a further delay in the outcome of this case may greatly prejudice the five defendants who are now acting as sergeants. Further, the operation of R.S. 11:22-33, which will extend the original list for a period beyond the decision in this suit for the same length of time as this suit is pending, will cause the eligible list to be all the more stale. Merit and fitness of those on the list, which is the purpose of the Civil Service Act, may *441 depreciate during this period. To further extend the period by way of a delay now would be harmful to the public.
Because of these hardships and injustices this court, in order to do substantial justice, can invoke R.R. 1:27A, which is made part of the rule advocated by the Commission, R.R. 1:27D, through its "except as otherwise provided" clause. R.R. 1:27A states that:
"The rules applicable to any court shall be considered as general rules for the government of the court and the conduct of causes; and as the design of them is to facilitate business and advance justice, they may be relaxed or dispensed with by the court in any instance where it shall be manifest to the court that a strict adherence to them will work surprise or injustice."
Through the invocation of this rule this court can relax the effect of R.R. 4:88-8 and R.R. 1:27D in order to keep the action against the state agency within the Law Division and avoid injustice.
The application of R.R. 1:27A to retain this action does not run contrary to any New Jersey constitutional provision as to the jurisdiction of the courts. Art. VI, Sec. III, par. 2 of the New Jersey Constitution provides that the Superior Court shall have original jurisdiction throughout the State in all causes. Art. VI, Sec. V, par. 4 provides that the hearing of prerogative writs shall be in the Superior Court, subject, however, to controls by rules of the Supreme Court. R.R. 4:88-8 as well as R.R. 1:27A controls the distribution of prerogative writ cases, not as a matter of jurisdiction, but as a matter of "business" and the "conduct of causes." R.R. 1:27A. In State ex rel. Wm. Eckelmann, Inc. v. Jones, 4 N.J. 374, 382 (1950), the court stated:
"Even though this action [quo warranto] was brought on for trial before the Law Division of the Superior Court in an irregular fashion, that Division did not lack jurisdiction. One of the great virtues of our new Constitution is that it minimizes opportunities for jurisdictional disputes. The Superior Court is but a single court, Art. VI, Sec. I, par. 1, having general statewide jurisdiction in all causes. Art. VI, Sec. III, par. 2 * * *."
*442 Therefore, although R.R. 4:88-8 does warrant the transfer of the case against the Commission under R.R. 1:27D, the facts warrant its retention, which can be done pursuant to R.R. 1:27A. Therefore, this case need not be transferred to the Appellate Division.

V.
Because of the timely institution of this suit, the first list was extended pursuant to R.S. 11:22-33. Therefore, the second list was and is not yet effective. It is not the eligible list, nor was it the eligible list as of the date that the certifications were made in July 1961. Hence, all of the appointments made from that list were void. R.S. 11:22-33; Schroder v. Kiss, 74 N.J. Super. 229 (App. Div. 1962).
At the time this suit was commenced in March 1961, plaintiff was first on the eligible list. He could not at that time compel the Director by way of mandamus to promote him to fill any existing vacancies. This is so because (1) the plaintiff did not have a vested right to such a promotion, but merely an inchoate right for preferential treatment or consideration, Schroder v. Kiss, supra, and (2) the power to appoint is discretionary and not a proper object of a mandamus action.
The fact that appointments were subsequently made from a second list does not alter plaintiff's position. The ineffectiveness of that list as the "eligible list" and the appointments made thereunder merely puts the plaintiff back in the position he had prior to the commencement of this suit. Plaintiff is still first on the eligible list and has both the inchoate right to preferential treatment and the right to be appointed before a nonveteran unless good cause is shown why he should not be, pursuant to N.J.S.A. 11:27-6.
The appointments of the above defendants made from the second list are void. However, the plaintiff is not entitled to be promoted, but is returned to his former position on the first list.