94 N.J. Super. 260 (1967)
227 A.2d 722
JACOB LAVITZ, APPELLANT,
v.
CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 16, 1967.
Decided March 16, 1967.
*262 Before Judges CONFORD, FOLEY and LEONARD.
Mr. John A. Craner argued the cause for appellant (Messrs. Craner & Brennan, attorneys).
Mr. Morton Anekstein, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by LEONARD, J.A.D.
Appellant appeals from the action of the Civil Service Commission (Commission) in denying him a hearing.
As a result of an examination given by the Commission, appellant was notified on November 17, 1965 that he had been placed first on the eligible list for the position of Director of Welfare, Monmouth County (Director). Although his actual examination rating was lower than that of Robert C. Wells, another examinee, appellant was placed first because he was a disabled veteran and Wells was placed second. One William B. Watson was placed third.
Although the above list of three was promulgated on November 26, 1965, it was not certified to the Monmouth County Welfare Board (Board) until November 30. Wells was then serving as a temporary appointee in the position of *263 Director, and continues so to serve at the present time. On December 1, 1965 appellant notified the Board that he was interested in the permanent position. On December 14, 1965 Watson, whose name was third on the list, indicated he was not interested in the permanent position and his name was struck from the list. On January 19, 1966 appellant, pursuant to a previous request, appeared before the Board for the purpose of an interview.
On February 15, 1966 the Board at a regular meeting passed two resolutions. The first rejected the certification of the list of eligibles for the position of Director "because it is incomplete." The second continued Wells as Director "pending further action by the Department of Civil Service * * *." Appellant and the Commission were promptly notified of this action. Thereafter appellant indicated that he was interested in the temporary appointment. However, on March 11, 1966 the Commission "recorded" the continued temporary appointment of Wells pending examination.
On May 12, 1966 appellant filed a petition with the Commission alleging that the action of the Board and the approval thereof by the Commission "subverts the intent and purpose of the establishment of a Civil Service System * * *" and requested a hearing upon his rights to the permanent or temporary position of Director. Thereafter the Commission concluded that the Board "was legally justified" in acting as it did, and since "there were no factual matters involved," it found "no basis for a hearing."
Appellant first argues that upon certification of the list containing three eligible names he became entitled to appointment by virtue of his veteran's status. He further contends that the fact that thereafter the person who was third on the list (Watson) was removed therefrom because of lack of interest in the position is no basis for refusing to appoint appellant.
A disabled veteran who passes a competitive examination must be placed at the top of the employment list. N.J.S.A. 11:27-3. When the list is certified to the appointing *264 authority, it has no freedom of choice among the eligibles; it must appoint the veteran. N.J.S.A. 11:27-4; Vanderwart v. Department of Civil Service, 19 N.J. 341, 349 (1955). Under Civil Service Rule 44, when the appointing authority is vested in a board or commission, the appointment must be made at the meeting next following the receipt of the certification. Here that meeting took place on December 22, 1965. However, by that date Watson's name had been removed from the certified list and there remained only two persons thereon.
Until the Board chose to make a permanent appointment from the original list of three, appellant had nothing more than an inchoate right for preferential consideration by reason of his veteran's status. He had no vested right to the position, and the fact that he was a veteran could not create such a right. The only benefit inuring to one who successfully passes an examination and is placed on an eligible list is that so long as that list remains in force, no appointment can be made except from that list. Schroder v. Kiss, 74 N.J. Super. 229, 240 (App. Div. 1962). Here the board did not make the appointment immediately upon receiving the certified list. It chose to first interview the three persons thereon. Appellant was not entitled to the position immediately upon certification.
When the list was reduced to two names, the Board was not under any legal obligation to appoint appellant, and the Commission could not have ordered the Board to do so. Schroder, supra, at p. 239 and p. 241. It never attempted to make a permanent appointment. To the contrary, it made a temporary appointment "pending examination." For these reasons we conclude appellant presently is not entitled to a permanent appointment to the position.
Appellant's alternative argument is that, assuming he is not entitled to a permanent appointment, he is entitled to the temporary appointment to the position and therefore the temporary appointment of Wells is illegal. He bottoms his contention upon the following language contained in Schroder, *265 supra, at p. 239, "Moreover, a list of less than three names is also considered viable by the Department because its Rule 47 gives persons on such a list a prior right to temporary appointment, provided they make application therefor." This principle does not, however, mandate appellant's temporary appointment over Wells. Both he and Wells were on the certified list and either could have been temporarily appointed.
N.J.S.A. 11:27-3 provides that a disabled veteran "who shall receive a passing rating in competitive examinations or tests, * * * shall be placed at the top of the employment list * * *." (Emphasis added) N.J.S.A. 11:27-4 provides that "whenever the name or names of a veteran or veterans shall be among those certified to the appointing authority the choice of the appointing authority shall be limited to the veteran or veterans whose name or names are included in such certification * * *." (Emphasis added)
The very wording of these two sections discloses that they pertain solely to permanent appointments. The emphasized words are all descriptive of the practice followed in the selection of a permanent appointee to a civil service position. No such procedure is mandated for a temporary appointment. N.J.S.A. 11:22-14.
To establish the right to a preference in public employment, the claimant "must be able to put his finger upon the precise provision of the statute which confers it." Moresh v. Board of Education of City of Bayonne in County of Hudson, 52 N.J. Super. 105, 109 (App. Div. 1958). This, appellant has not done. Nor do we find any provision in the Civil Service statutes or in the rules of the Department making the veterans' preference applicable to temporary positions. Cf. Giannone v. Carlin, 20 N.J. 511, 519 (1956); Capibianco v. Civil Service Commission, 60 N.J. Super. 307, 318-319 (App. Div. 1960).
It is to be noted that in Schroder, supra, plaintiff sought to have the Commission certify his name to the township committee upon either a permanent basis or a temporary *266 basis until a permanent appointment was certified, and further to command the township to employ him on a temporary basis (at p. 236). While the court did not specifically discuss this phase of the relief sought, it did affirm the trial court's dismissal of the complaint "for failure to state a claim upon which relief could be granted."
The Commission asserts that it has held consistently through the years that the Veterans Preference Law had no force and effect in the matter of temporary employment and that this position has never been challenged by the Legislature. This, it contends, is evidence of its conformity with legislative intent. We agree. Pringle v. N.J. Dept. of Civil Service, 45 N.J. 329, 333 (1965). Continued administrative construction is entitled to great weight. Swede v. City of Clifton, 39 N.J. Super. 366, 377 (App. Div. 1956), affirmed 22 N.J. 303 (1956).
We conclude that the veterans' preference granted by N.J.S.A. 11:27-1 et seq. does not apply to temporary civil service employment and that appellant is not entitled to the temporary appointment as Director.
Since the determination of the Commission did not involve the resolution of any bona fide factual dispute, it need not have been preceded by a hearing. Jersey City v. Dept. of Civil Service, 57 N.J. Super. 13, 52 (App. Div. 1959).
We assume that in accordance with Civil Service Rule 47, a test will be held "forthwith" to establish an appropriate employment list.
Affirmed.