626 A.2d 75

JOAN H. FEINBERG, PLAINTIFF–APPELLANT, v. STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, DELAWARE AND RARITAN CANAL COMMISSION, AND NEW JERSEY WATER SUPPLY AUTHORITY, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 2, 1993—Decided June 10, 1993.

Before Judges BILDER, BAIME and WALLACE.

*Nathan M. Edelstein* argued the cause for appellant (*Ridolfi, Friedman, Frank, Edelstein & Bernstein,* attorneys; *Mr. Edelstein,* of counsel and on the brief).

*Robert M. Anderson* argued the cause for respondent, New Jersey Water Supply Authority (*Henry S. Buchanan,* attorney; *Mr. Anderson,* on the brief).

*Robert M. Strang,* Deputy Attorney General, argued the cause for respondent State of New Jersey (*Robert J. Del Tufo,* Attorney General of New Jersey, attorney; *Mr. Strang,* on the letter brief).

The Opinion of the court was delivered by

WALLACE, J.S.C. (temporarily assigned).

This is an appeal from a judgment in the Law Division dismissing plaintiff's complaint against the New Jersey Water Supply Authority (Authority) for failure to file a tort-claims notice with the Authority within the one-year limitation of the New Jersey Tort Claims Act (Act). *N.J.S.A.* 59:8–9. The issue is whether service of notice of claim upon the Attorney General satisfies the notice requirement under the Act for notice of a claim against a local public entity. We hold that it does not satisfy the notice requirement and affirm.

## I

This case arises out of an overflow from the Delaware and Raritan Canal on March 29, 1989 that allegedly caused $100,000 in damages to plaintiff's building. Plaintiff contends that the rise of the water table on her property was the result of negligent maintenance of the adjoining Delaware and Raritan Canal which permitted water to leak into the surrounding ground water.

Plaintiff served tort claim notices upon the Attorney General, the New Jersey Department of Environmental Protection (DEP) and the Delaware and Raritan Canal Commission (Commission) within the ninety days required by law. *N.J.S.A.* 59:8–8. On July 19, 1989 the Attorney General, through the Department of Treasury, acknowledged receipt of the notice of claim and responded, that "[t]he matter has been assigned for investigation and as soon as we have sufficient information, a representative of this office will contact you." The Attorney General never responded further concerning any investigation.

On March 9, 1990 plaintiff filed her complaint in the Law Division against the State, the DEP and the Commission. On July 31, 1990, the Attorney General filed an answer on behalf of all defendants.

Plaintiff propounded interrogatories upon defendants. After defendants failed to respond to the interrogatories, defendants' answer was dismissed on February 8, 1991. Plaintiff moved to dismiss the answers with prejudice under *R.* 4:23–5. Prior to the return date of the motion, defendants submitted answers to the interrogatories. In the introduction to the answers defendants noted that "the subject action relates solely to the exclusive authority and functions of the N[ew] J[ersey] Water Supply Authority which is a separate sue and be sued entity pursuant to *N.J.S.A.* 58:1b–3 et seq." Defendants made plaintiff aware of a lease agreement between the DEP and the Authority under which the Authority leased certain premises for a water supply system. On June 28, 1991, a consent order was entered granting plaintiff

leave to amend the complaint to name the Authority[1] as a separate defendant.

On July 10, 1991, plaintiff filed her amended complaint naming the Authority as a defendant. In its answer, the Authority raised as a defense plaintiff's failure to file a claim pursuant to *N.J.S.A.* 59:8–3. After the original defendants moved to have their answer reinstated, plaintiff filed a motion to strike the Authority's defense of failure to file a notice of claim. The Authority filed a cross-motion to dismiss plaintiff's complaint for failure to file a notice of claim pursuant to *N.J.S.A.* 59:8–3. After argument, the motion judge on September 25, 1992 entered an order dismissing plaintiff's amended complaint against the Authority for failure to file a notice of claim pursuant to *N.J.S.A.* 59:8–3. Plaintiff's motion for reconsideration was denied, and we granted plaintiff's motion for leave to appeal.

## II

■ Although couched in different ways, plaintiff essentially contends that a claimant may serve a tort-claims notice on a public entity by delivering it to the Attorney General. She contends that since she timely served the Attorney General, the motion judge erred in dismissing the complaint against the Authority. The Authority contends it is a local public entity separate from the DEP or the State and notice must be served upon it apart from any notice served upon the State.

---

[1] The June 28, 1991 order also provided:

[P]laintiff's right to raise by motion and/or otherwise challenge or contest the responsiveness of the answers to interrogatories provided to date in this matter by the State of New Jersey, the New Jersey Department of Environmental Protection and/or the Delaware & Raritan Canal Commission be and hereby is reserved, which motion or other application need not be filed with the Court until the Authority has filed an Answer in this matter, interrogatories have been served on the ... Authority and the ... Authority has provided answers to those interrogatories by plaintiff.

All parties direct us to *N.J.S.A.* 59:8–10a to support their argument. This subsection provides in pertinent part:

> A claim shall be presented to the public entity by delivering it to or mailing it certified mail to the office of the Attorney General or the office of the State agency allegedly involved in the action. A claim may be presented to a local public entity by delivering it or mailing it certified mail to the entity.

We think the parties starting point is misplaced. Before we address this point, however, further discussion is warranted. It is important to note the definitions of "public entity", "State" and "local public entity" under the Act. In the general definitions section, "public entity" and "State" are defined as follows:

> "Public entity" includes the State, and any county, municipality, district, public authority, public agency, and any other political subdivision or public body in the State.
>
> "State" shall mean the State and any office, department, division, bureau, board, commission or agency of the State, *but shall not include any such entity which is statutorily authorized to sue and be sued* ....
>
> [*N.J.S.A.* 59:1–3. (emphasis added)]

"Local public entity" is defined in Chapter 8 of the Act as "a public entity other than the state." *N.J.S.A.* 59:8–2.

"In determining the proper interpretation of a statute, the basic rule is that the statutory language should be given its ordinary meaning absent specific intent to the contrary." *Mortimer v. Bd. of Review*, 99 *N.J.* 393, 398, 493 *A.2d* 1 (1985). The plain statutory language evidences a clear intent that a "public entity" is a very broad category and includes the State. Margolis and Novack, *Title 59 Claims Against Public Entities*, comment on *N.J.S.A.* 59:1–3 (1992). However, if a public entity does not fall within the definition of a State entity than it is a "local public entity." In determining whether an entity falls within the definition of a "State entity," a key factor is whether that entity is a "sue and be sued" entity, i.e., can it sue and be sued in its own name and not in the name of the State.

With this in mind, we are satisfied that the Authority is a local public entity, that is, "a public entity other than the State." The Legislature established the Authority "to acquire ... and operate water systems." *N.J.S.A.* 58:1B–2. The Legislature authorized

the Authority to operate and manage the Delaware and Raritan Canal, and expressly empowered it "to sue and be sued." *N.J.S.A.* 58:1B–5 and –7. Since the definition of "State" excludes entities authorized to sue and be sued, we are satisfied that the Authority, as a sue or be sued entity, is excluded from the definition of State and comes within the definition of a "local public entity." *N.J.S.A.* 59:8–2.

We return now to our prior comment concerning the parties' misplaced focus on *N.J.S.A.* 59:8–10. The more appropriate starting point to determine whether service of claims notice upon the Attorney General is sufficient notice to a local public entity is *N.J.S.A.* 59:8–7.

> A claim for damage or injury arising under this act against the State shall be filed either with (1) the Attorney General or (2) the department or agency involved in the alleged wrongful act or omission. *A claim for injury or damages arising under this act against a local public entity shall be filed with that entity.*

(emphasis added).

The plain statutory language clearly directs that if the claim is against a local public entity, the tort-claims notice must "be filed with that entity." Applying this direction to the facts of this case, plaintiff failed to serve the Authority with the tort-claims notice as required under *N.J.S.A.* 59:8–7. Nevertheless, plaintiff points to the language in *N.J.S.A.* 59:8–10a that provides, "[a] claim shall be presented to the public entity by delivering it to or mailing it certified mail to the office of the Attorney General", to argue that the claimant has the option of serving notice to a "public entity" either by delivering it to the Attorney General or mailing it directly to the public entity. We do not agree.

We understand *N.J.S.A.* 59:8–10a to continue the same dichotomy between the State and a local public entity for the *method* of serving the claim as is present in *N.J.S.A.* 59:8–7 for the *place* to present the claim. If the claim is against the State, the claimant shall deliver it or mail it certified mail to either the office of the Attorney General or the office of the State entity involved. To be sure, the use of the term "public entity" in the first sentence of *N.J.S.A.* 59:8–10a instead of "State" is misleading. However, we

are obliged to consider the statutory language in the context of the remaining portions of the chapter and in a manner which advances the legislative purpose. *See In the Matter of Boyan,* 246 *N.J.Super.* 300, 314, 587 *A.*2d 640 (App.Div.1991), *rev'd on other grounds,* 127 *N.J.* 266, 604 *A.*2d 98 (1992). If as plaintiff contends any claim must be presented to the Attorney General or the office of the State agency, such interpretation would render *N.J.S.A.* 59:8–7 superfluous. Moreover, if every notice of claim could be served on the Attorney General, this would place an extremely heavy burden on the Attorney General's office. Rather, the two sections should be read together, thereby eliminating any ambiguity. We believe the proper construction of *N.J.S.A.* 59:8–10a is to prescribe the manner, i.e., in person or certified mail, that a notice of claim is to be served. Simply put, *N.J.S.A.* 59:8–7 provides the entity upon which the notice of claim must be filed, while *N.J.S.A.* 59:8–10a provides the manner in which the claim is to be served upon that entity.

We recognize the harsh result here could have been avoided by the Attorney General promptly advising plaintiff that the Authority was the responsible public entity to be given notice. Nevertheless, we harbor no serious reservations concerning our interpretation of *N.J.S.A.* 59:8–7 and *N.J.S.A.* 59:8–10a. We recognize however, that neither the Attorney General nor the Authority in their respective briefs urges that *N.J.S.A.* 59:8–7 controls the filing of the notice of claim. We have some concern that *N.J.S.A.* 59:8–10a as drafted is a trap for the unwary. To be sure, that is for the Legislature to remedy, not this court.

### III

█ In summary, we hold the Authority is a local public entity. Under *N.J.S.A.* 59:8–7 a tort-claims notice must be served upon the Authority since the Authority is a local public entity. Plaintiff's service upon the Attorney General does not satisfy the requirement that notice be served upon a local public entity.

The judgment appealed from is affirmed.