### Kenneth POLLOCK, Plaintiff,

### v.

### CITY OF OCEAN CITY, Ocean City Police Department, Public Safety Director Dominic Longo, Business Administrator Richard Deaney, Mayor Henry Knight, Personnel Director Charles Zimmerman, and John Doe City Council members one through ten, Defendants.

Civil Action No. 96–5847(JEI).

United States District Court,
D. New Jersey.

June 13, 1997.

Press & Long by Richard L. Press, North-field, NJ, for Plaintiff.

Youngblood, Corcoran, Aleli, Lafferty, Stackhouse, Grossman & Gormley by Gerald J. Corcoran, Phyllis Coletta, Pleasantville,

NJ, Frank N. Yurasko, by Barry S. Block, Somerville, NJ, for Defendants.

## OPINION

IRENAS, District Judge.

Plaintiff instituted this action against the City of Ocean City, its various agencies and officials, alleging that denying him promotion to deputy police chief and removing him as deputy coordinator of emergency management violated his civil rights and state statutory and common law. Defendants now move to dismiss his federal claims for failure to state claims upon which relief can be granted and to dismiss his pendent state law claims for want of jurisdiction. Although his failure to promote claims do not have a valid constitutional basis and are not cognizable under 42 U.S.C. § 1983, plaintiff's complaint does set forth a valid federal claim for First Amendment retaliation. Therefore the Court will grant in part and deny in part defendants' motion to dismiss his federal claims. Because the Court has supplementary jurisdiction over plaintiff's state-law claims, it will deny defendants' motion to dismiss them for want of jurisdiction.

## I. BACKGROUND [1]

Since 1969 plaintiff Captain Kenneth Pollock has worked as a police officer for the City of Ocean City (the "City"). Plaintiff was promoted to sergeant in 1973, to lieutenant in 1976, and to police captain in 1987. In 1989, plaintiff was appointed to serve as deputy coordinator of emergency management in addition to his position as police captain. As deputy coordinator, plaintiff earned an additional $6,000.00 per year.

In 1992, plaintiff inquired to then-Police Chief and Public Safety Director Dominic Longo about a possible promotion to deputy police chief. Chief Longo responded that he would more likely promote his personal friend Captain James Nickles to deputy police chief. Although plaintiff reportedly scored higher than Capt. Nickles on a civil service exam, and although plaintiff is a veteran, Chief Longo did not promote plaintiff to deputy police chief and instead, in July,

1. The facts in this section are drawn from the allegations contained in plaintiff's complaint.

1995, promoted Capt. Nickles to "acting police chief."

By letter dated August 3, 1995, plaintiff notified the City and its police department that he was asserting claims against them under the New Jersey Tort Claims Act, N.J.S.A. §§ 59:8–1 to 8–11, for promoting Capt. Nickles over him. *See* Complaint ¶ 1:13; Plaintiff's Ex. B (Tort Claims Notice) (alleging personal favoritism, nepotism, and ultra vires acts on the part of City officials). Approximately four weeks after notifying defendants of his claims against them, plaintiff was removed as the City's deputy coordinator of emergency management. Thereafter, defendants reportedly reprimanded plaintiff and circulated negative employment memoranda to the effect that plaintiff violated written orders, wore the improper uniform, and violated special orders. Plaintiff alleges that his removal from the position of deputy coordinator and these reprimands were in retaliation for plaintiff's asserting his legal rights against defendants.

Capt. Nickles retired from the police department in July, 1996 and the City administered another civil service exam to determine the fitness of the candidates for deputy police chief. Plaintiff came in second on this test and defendants never promoted him to deputy police chief. Having never attained the rank of deputy police chief, plaintiff never became eligible to be elevated to police chief.

On December 12, 1996, plaintiff instituted this action asserting claims under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985, the New Jersey Conscientious Employee Protection Act ("C.E.P.A."), N.J.S.A. §§ 34:19–1 to 19–8, and common law tort and contract. Specifically, plaintiff asserts claims (1) for failure to promote plaintiff in violation of his constitutional rights; (2) for retaliation against plaintiff for instituting claims against them; (3) for conspiracy to violate plaintiff's constitutional rights; (4) for negligence; (5) for breach of implied contract; (6) for actions that are ultra vires according to state and municipal rules and regulations; and (7) for adverse employment decisions made in violation of C.E.P.A. Defendants now move to dismiss plaintiff's federal claims for failure to state claims upon which relief can be grant-ed, and to dismiss his pendent state-law claims for want of jurisdiction.

## II. MOTION TO DISMISS

### A. *Applicable Standard*

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion, a court will accept the allegations of the complaint as true. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Dismissal of claims under Rule 12(b)(6) should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Although the court must assume as true all facts alleged, "[i]t is not ... proper to assume that the [plaintiff] can prove any facts that it has not alleged." *Associated General Contractors of Calif., Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983). Finally, when "[c]onfronted with [a 12(b)(6) ] motion, the court must review the allegations of *fact* contained in the complaint; for this purpose the court does not consider conclusory recitations of law." *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 179 (3d Cir.1988) (emphasis added).

### B. *Failure to Promote*

Plaintiff's failure to promote claim rests on 42 U.S.C. § 1983, which provides a civil remedy against those who, under color of state law, deprive others of rights, privileges, or immunities secured by the Constitution and laws of the United States. *See West v. Atkins,* 487 U.S. 42, 48–49, 108 S.Ct. 2250, 2254–55, 101 L.Ed.2d 40 (1988); *Kost v. Kozakiewicz,* 1 F.3d 176, 184 (3d Cir.1993). To state a due-process claim for denial of a promotion, plaintiff must first show that the individual interests he asserts are within the Fourteenth Amendment's protection of "life, liberty, or property," and that these interests were denied him without "due process of law." U.S. Const. amend. XIV; *see also*

*Robb v. City of Philadelphia,* 733 F.2d 286, 292 (3d Cir.1984).

To have a property interest in a benefit that is protected by procedural due process, "a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *see also Robb,* 733 F.2d at 292. Moreover, property interests are not generally created by the Constitution. "Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those individuals." *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709; *Robb,* 733 F.2d at 292.

■■■ Plaintiff cannot claim any legitimate entitlement to a promotion to deputy chief of police. Although plaintiff took the civil service test, scored first, and enjoys preferential treatment as a veteran, he attained no entitlement to the position of deputy chief of police. *See Grimes v. City of East Orange,* 285 N.J.Super. 154, 164, 666 A.2d 613, 618 (App.Div.1995); *Schroder v. Kiss,* 74 N.J.Super. 229, 240, 181 A.2d 41,47 (App.Div. 1962) (involving a veteran).

> One who successfully passes an examination and is placed on an eligible list does not thereby gain a vested right to appointment. The only benefit inuring to such a person is that so long as the eligible list remains in force, no appointment can be made except from that list.

*Schroder,* 74 N.J.Super. at 240, 181 A.2d at 47. Thus, plaintiff's relative success on the civil service examination gave him no legitimate claim of entitlement under the Constitution or laws of New Jersey to a promotion to deputy chief of police. Accordingly, plaintiff cannot demonstrate a property interest in a promotion that can form the basis of a Fourteenth Amendment due process claim cognizable under § 1983. If he is to succeed with his due-process claim, therefore, he must show a deprivation of his liberty.

Admittedly, the liberty interests protected by procedural due process are broad in scope. *See, e.g., Stanley v. Illinois,* 405 U.S. 645, 647–49, 92 S.Ct. 1208, 1211–12, 31 L.Ed.2d 551 (1972); *Bolling v. Sharpe,* 347 U.S. 497, 499–500, 74 S.Ct. 693, 694–95, 98 L.Ed. 884 (1954).

> [Liberty] denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home, and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized ... as essential to the orderly pursuit of happiness by free men.

*Meyer v. Nebraska,* 262 U.S. 390, 399, 43 S.Ct. 625, 626, 67 L.Ed. 1042 (1923). An employment action implicates a Fourteenth Amendment liberty interest only if it "(1) is based on a 'charge against [the individual] that might seriously damage his standing and associations in the community ..., for example, that he had been guilty of dishonesty, or immorality' or (2) 'impose[s] on him a stigma or other disability that forecloses his freedom to take advantage of other employment opportunities.'" *Robb,* 733 F.2d at 294 (quoting *Roth,* 408 U.S. at 573, 92 S.Ct. at 2707). Such stigmatizing statement must be disclosed publicly, *see Bishop v. Wood,* 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976), be false, and have "some significant bearing on the employee's reputation." *Codd v. Velger,* 429 U.S. 624, 627, 97 S.Ct. 882, 884, 51 L.Ed.2d 92 (1977).

■■ Plaintiff's complaint alleges no facts that would suggest that defendants' failure to promote him was based on any charge of dishonesty or immorality, or that defendants placed on him any stigma that foreclosed other job opportunities. Plaintiff's complaint does not, for example, allege that defendants publicly disclosed that he would not be promoted because he was dishonest, incompetent, a racist, or a felon. *See Melton v. City of Oklahoma City,* 928 F.2d 920, 927 (10th Cir.) (describing sufficiently stigmatizing statements: those involving "dishonesty, serious felony, manifest racism, serious mental

illness, and the like"), *cert. denied,* 502 U.S. 906, 112 S.Ct. 296, 116 L.Ed.2d 241 (1991); *Green v. St. Louis Housing Auth.,* 911 F.2d 65, 69 (describing "characteristics [which] imply an inherent or at least a persistent personal condition, which both the general public and a potential future employer are likely to want to avoid"). By contrast, plaintiff's complaint simply alleges that defendants did not promote him because they impermissibly favored another candidate for deputy police chief. Without more, these allegations are insufficient to state a claim for deprivation of liberty cognizable under § 1983.

■ Even if plaintiff could establish a property or a liberty interest in a promotion, he cannot show that the extensive administrative procedures available to him under New Jersey law fall short of the due process required by the Constitution. The administrative procedures afforded by the New Jersey Employer–Employee Relations Act, N.J.S.A. § 34:13A–1 to 13A–21, and the New Jersey Department of Personnel, N.J.S.A. § 11A:2–1 to 2–24, satisfy the requirements of the Due Process Clause. *See Mathews v. Eldridge,* 424 U.S. 319, 334–35, 96 S.Ct. 893, 902–03, 47 L.Ed.2d 18 (1976). Accordingly, the Court will dismiss plaintiff's due-process claim for failure to state a claim upon which relief can be granted.

Plaintiff also makes an equal protection challenge to defendants' decision not to promote him. To state an equal-protection claim, plaintiff must at the very least allege that "he is receiving different treatment from that received by other individuals similarly situated." *Kuhar v. Greensburg–Salem School Dist.,* 616 F.2d 676, 677 n. 1 (3d Cir.1980). "A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Huebschen v. Department of Health and Soc. Svcs.,* 716 F.2d 1167, 1171 (7th Cir.1983); *see also Price v. Cohen,* 715 F.2d 87, 91 (3d Cir.1983) ("To establish a violation of the equal protection clause, a plaintiff must show that the allegedly offensive categorization invidiously discriminates against the disfavored group."), *cert. denied,*

465 U.S. 1032, 104 S.Ct. 1300, 79 L.Ed.2d 700 (1984); *Murray v. Pittsburgh Bd. of Pub. Educ.,* 919 F.Supp. 838, 847 (W.D.Pa.1996) ("The Equal Protection [C]lause was not intended to address government action, however arbitrary, if it is directed solely at an individual."). Plaintiff's complaint fails to provide any allegations which even suggest these basic and rudimentary components of an equal-protection claim. Accordingly, the Court will dismiss plaintiff's equal-protection claim for failure to state a claim upon which relief can be granted, as well.

### C. Retaliation

Plaintiff's complaint also asserts a claim for First Amendment retaliation. Specifically, plaintiff's complaint alleges that defendants removed him from his position of deputy coordinator of emergency management in retaliation for his asserting a New Jersey tort claim against them. To state a claim based on retaliation for having engaged in free speech or conduct protected by the First Amendment, a plaintiff must first demonstrate that his speech or conduct constituted protected activity. *See Feldman v. Philadelphia Hous. Auth.,* 43 F.3d 823, 829 (3d Cir. 1994); *Holder v. City of Allentown,* 987 F.2d 188, 194 (3d Cir.1993). Plaintiff must next show his protected activity was a substantial or motivating factor in the alleged retaliation. *See Mt. Healthy City Sch. Dist., Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977); *Green v. Philadelphia Hous. Auth.,* 105 F.3d 882, 885 (3d Cir.1997); *Feldman,* 43 F.3d at 829; *Holder,* 987 F.2d at 194. To defeat plaintiff's claim, defendants must demonstrate they would have acted no differently in the absence of plaintiff's protected conduct. *See Feldman,* 43 F.3d at 829; *Holder,* 987 F.2d at 194. Because the standard for 12(b)(6) motions contemplates decisions based on a complaint's factual allegations, the Court need only focus on the first two steps.

■ The right to participate as a party to litigation seeking to remedy an infringement of constitutionally-guaranteed or other legal rights has traditionally been considered an aspect of the freedom to petition the government for a redress of grievances pro-

tected by the First Amendment. *See California Motor Trans. v. Trucking Unlimited,* 404 U.S. 508, 510, 92 S.Ct. 609, 611–12, 30 L.Ed.2d 642 (1972); *NAACP v. Button,* 371 U.S. 415, 428–30, 83 S.Ct. 328, 335–37, 9 L.Ed.2d 405 (1963); *San Filippo v. Bongiovanni,* 30 F.3d 424, 434–43 (3d Cir.1994), *cert. denied,* 513 U.S. 1082, 115 S.Ct. 735, 130 L.Ed.2d 638 (1995). The First Amendment thus protects a public employee from employer retaliation for participating in a legal proceeding, either as a party or a witness. *See San Filippo,* 30 F.3d at 434–43 (finding it constitutionally impermissible for a public employer to retaliate against an employee for filing a non-sham lawsuit); *Carter v. Kane,* 938 F.Supp. 282, 288 (E.D.Pa.1996). Accordingly, plaintiff's assertion of legal claims against defendants constitutes an activity protected by the First Amendment of the Constitution.

■ Authority is split as to whether plaintiff must show that the proceedings in which he participated related to a matter of public concern. *Compare San Filippo,* 30 F.3d at 440–43 (not requiring that proceedings relate to a matter of public concern) *with id.* at 449–50 (Becker, J., concurring and dissenting) (arguing that proceedings must relate to a matter of public concern) *and id.* at 440 n. 19 (listing seven circuits requiring that proceedings relate to a matter of public concern). While this Court tends to agree with Judge Becker's dissent and the majority of the circuits requiring that proceedings implicate public concerns, *San Filippo* remains the law of this Circuit to which this Court must adhere. In any case, at this early stage of this litigation, plaintiff's allegations—regarding personal favoritism, nepotism, and ultra vires acts on the part of City officials—probably suffice to implicate public concerns.

■ When a public employee brings a claim of retaliation for engaging in protected activity, "[t]he constitutional principle at stake is . . . vindicated if such an employee is placed in no worse a position than if he had not engaged in the conduct." *Mt. Healthy,* 429 U.S. at 285–86, 97 S.Ct. at 575. Thus, to survive a 12(b)(6) motion to dismiss, plaintiff's complaint must also allege his protected speech activity constituted a substantial or motivating factor in the City's retaliatory action. Plaintiff's complaint easily clears this hurdle. It alleges that defendants terminated his employment as deputy coordinator of emergency management in retaliation for his asserting legal claims against them. *See* Complaint ¶¶ 1:13, 5:3, 6:2. Further, this termination came only weeks after plaintiff engaged in his protected conduct. *Cf. Aman v. Cort Furniture Rental Corp.,* 85 F.3d 1074, 1085 (3d Cir.1996); *Robinson v. SEPTA,* 982 F.2d 892, 895–96 (3d Cir.1993); *Jalil v. Avdel Corp.,* 873 F.2d 701, 708 (3d Cir. 1989), *cert. denied,* 493 U.S. 1023, 110 S.Ct. 725, 107 L.Ed.2d 745 (1990). Accordingly, plaintiff's complaint sufficiently sets forth a claim for First Amendment retaliation under 42 U.S.C. § 1983 to survive defendants' motion to dismiss.

### D. *Conspiracy*

To state a claim for conspiracy to violate civil rights, a plaintiff must allege (1) a conspiracy by the defendants, (2) designed to deprive plaintiff of the equal protection of the laws, (3) the commission of an overt act in furtherance of that conspiracy, (4) a resultant injury to person or property or a deprivation of any right of privilege of citizens, and (5) defendants' actions were motivated by a racial or otherwise class-based invidiously discriminatory animus. *See Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971); *Robison v. Canterbury Village, Inc.,* 848 F.2d 424, 430 (3d Cir.1988) (deeming racial or other prohibited animus a necessary element of § 1985(3) actions).

■ Plaintiff's complaint fails satisfy this fifth requirement. It alleges no racial or otherwise class-based invidiously discriminatory animus. As this element is essential to plaintiff's civil rights conspiracy claim, *see Griffin,* 403 U.S. at 102, 91 S.Ct. at 1798; *Robison,* 848 F.2d at 430, this claim fails to state a claim upon which relief can be granted. The Court will dismiss plaintiff's civil rights conspiracy claim accordingly.

**E.** *Remaining State–Law Claims*

Plaintiff's remaining state-law claims [2] survive defendants' motion to dismiss as the Court has supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(a).

## III. CONCLUSION

Because the only valid federal claim plaintiff's complaint states is a claim for First Amendment retaliation, the Court will grant in part and deny in part defendants' motion to dismiss his federal claims. Because the Court has supplementary jurisdiction over plaintiff's state-law claims, it will deny defendants' motion to dismiss them for want of jurisdiction. An appropriate order will issue on even date herewith.

---

**2.** Although plaintiff's complaint characterizes his negligence, contract, and ultra-vires claims as "state and federal" in nature, they are really only state-law claims. *See Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–13, 68 L.Ed.2d 420 (1981); *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695–96, 61 L.Ed.2d 433 (1979).