Gina FORCELLA, Plaintiff,

v.

**CITY OF OCEAN CITY, et al., Defendants.**

No. CIV. A. 98–3906.

United States District Court, D. New Jersey.

Nov. 17, 1999.

Alan L. Frank, Frank & Rosen, Cherry Hill, NJ, for Plaintiff, Gina Forcella.

Aaron Michael Barker, Northfield, NJ,for Defendants, City of Ocean City, Ocean City Department of Public Safety, Dominick Longo, Gary Parris, Curtis Dull, Ocean City Police Department, Robert Blevins, James Nickles.

OPINION

ORLOFSKY, District Judge.

This case presents the novel issue of whether section 59:8–10(c) of the New Jersey Tort Claims Act ("TCA") permits the constructive service of a notice of claim upon public entities. Plaintiff, Gina Forcella ("Forcella"), has moved before this Court for leave to file a late notice of claim against the Ocean City Police Department and the Ocean City Chiefs of Police, Robert Blevins and James Nickles, pursuant to the TCA, N.J.S.A. 59:8–9 (West Supp. 1999). For the reasons set forth below, I will deny Plaintiff's motion because I find first that Forcella has failed to demonstrate the "extraordinary circumstances" required to file a late notice of claim. Second, I find that under N.J.S.A. 59:8–10(c), the Ocean City Police Department cannot be "constructively served." Moreover, I conclude that the record in this case contains insufficient evidence to find that the Chiefs of Police of the Ocean City Police Department are employees of a properly served public entity. Finally, I find that as a "local public entity," the Ocean City Police Department should have been served with a separate notice of claim.

Because Forcella's Amended Complaint alleges violations of Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e (1994), the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101–12213 (1994), 42 U.S.C. § 1983 (1994), the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5–1— 10:5–49 (West Supp.1999), and various state laws, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331,[1] 1343,[2] and 1367.[3]

## I. BACKGROUND

On August 18, 1998, Forcella filed a complaint alleging that she was constructively discharged from her job as a clerk typist as a result of the unlawful and discriminatory employment practices of the City of Ocean City Department of Public Safety. See Complaint at ¶ 36. Forcella claims that these employment practices were in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e (1994), the Americans With Disabilities Act of 1990,[4] 42 U.S.C. §§ 12101–12213 (1994), 42 U.S.C. § 1983 (1994), and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5– 1—10:5–49 (West Supp.1999). See Complaint at ¶¶ 68–106. She further alleges various New Jersey tort claims, including intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. See Complaint at ¶¶ 107– 134.

Forcella originally filed her Complaint against: (1) the City of Ocean City; (2) the

---

**1.** 28 U.S.C. § 1331 (1994) provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

**2.** 28 U.S.C. § 1343(a)(3) (1994) provides, in pertinent part:

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

. . .

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

**3.** 28 U.S.C. § 1367(a) (1994) states, in relevant part:

Except as provided in subsections (b) or (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**4.** Forcella alleges that because she suffers from a bipolar disorder, she is a qualified individual with a disability within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101, et. seq.

Ocean City Department of Public Safety ("DPS"); (3) Dominick Longo, Director of DPS; (4) Captain Gary Parris, DPS; and (5) Sergeant Curtis Dull, DPS ("Original Defendants"). *See* Original Complaint at 1 (filed Aug. 18, 1998). Four months later, Forcella filed her Amended Complaint, adding as Defendants the Ocean City Police Department and Chiefs of Police, Robert Blevins and James Nickles ("Additional Defendants"). *See* Amended Complaint at 1 (filed Dec. 15, 1998).

On February 4, 1999, the Original and Additional Defendants filed an Answer to the Amended Complaint, denying liability and asserting various affirmative defenses. *See* Def.'s Answer at 12–17 (filed Feb. 4, 1999). In their Answer, the Additional Defendants averred that "[i]nsofar as any State law claim by [Forcella], other than a claim under the New Jersey Law Against Discrimination, the claim must be dismissed as [Forcella] failed to comply with the notice provisions of the New Jersey Tort Claims Act N.J.S.A. 59:8–1 *et seq.*" Def.'s Amended Answer at ¶ 20.

Three months later, on May 4, 1999, Forcella moved before this Court for leave to file a late Notice of Claim pursuant to N.J.S.A. 59:8–9 (West Supp.1999). *See* Plaintiff Gina Forcella's Motion in Support of Application to File Notice of Late Claim ("Motion in Support of Application") at 1. It is undisputed that Forcella failed to file and serve a notice of claim upon the Additional Defendants within ninety days from the date of her alleged constructive discharge.

In support of her motion for leave to file a late Notice of Claim, Forcella argues that she has "sufficient reasons for late filing" because: (1) Forcella's counsel was unaware until April 13, 1999 that the Defendants were asserting the affirmative defense of the TCA notice provision, N.J.S.A. 59:8–9 (West Supp.1999), *see* Motion in Support of Application at ¶ 8; (2) "the information indicating liability of the three additional defendants did not become available to [Forcella], despite [Forcella's] best efforts to discover said information, until after ninety (90) days from the accrual of [Forcella's] claim . . .," *id.* at ¶ 9; and (3) Forcella's counsel believed that the proper service of the Original Defendants put the Additional Defendants on constructive notice and that further service therefore was not required. *See* Pl.'s Reply at 2.

The Defendants oppose Forcella's motion, arguing that none of the facts supporting the above arguments constitute the "extraordinary circumstances" required to allow the filing of a late Notice of Claim, under N.J.S.A. 59:8–9 (West Supp. 1999), as interpreted by the New Jersey courts.

■ At the outset I note that Forcella's motion for leave to file a late notice of claim as to the Additional Defendants relates only to the state law claims of intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. The notice provisions of the TCA do not apply to Forcella's claims asserted under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e (1994), the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101–12213 (1994), 42 U.S.C. § 1983 (1994), or the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5–1—10:5–49 (West Supp.1999). *See Fuchilla v. Layman,* 109 N.J. 319, 331, 338, 537 A.2d 652 (1988)(holding that the notice provisions of the TCA do not apply to a former employee's claim under 42 U.S.C. § 1983 or the NJLAD); *see also McDonnell v. State of Illinois,* 319 N.J.Super. 324, 341, 725 A.2d 126 (App.Div.1999)(finding that claims of discrimination under NJLAD are not subject to the notice requirements of the TCA). Consequently, the issue before this Court is whether to grant Forcella's motion for leave to file a late notice of claim only with respect to the state law claims and, as a consequence, this opinion does not address the propriety of the remaining federal claims asserted against the Additional Defendants. I now turn to the merits of Forcella's arguments.

## II. THE NEW JERSEY TORT CLAIMS ACT AND THE EXTRAORDINARY CIRCUMSTANCES NECESSARY TO FILE A LATE NOTICE OF CLAIM

Under the New Jersey Tort Claims Act, a statutory regime regulating tort claims against public entities and employees, a plaintiff has ninety days, from the time a claim accrues, to file a notice of claim. N.J.S.A. 59:8–8 (West Supp.1999). Section 59:8–8 provides that:

A claim relating to a cause of action for death or for injury or damage to person or to property shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action. After the expiration of six months from the date notice of claim is received, the claimant may file suit in an appropriate court of law. *The claimant shall be forever barred from recovering against a public entity or public employee if . . . [h]e failed to file his claim with the public entity within 90 days of accrual of the claim except as otherwise provided in section 59:8–9. . . .*

*Id.* at 59:8–8(a) (emphasis added). The New Jersey courts have held that the purpose of the ninety-day limit is to "compel a claimant to expose his intention and information early in the process in order to permit the public entity to undertake an investigation while witnesses are available and the facts are fresh." *O'Neill v. City of Newark,* 304 N.J.Super. 543, 549, 701 A.2d 717 (App.Div.1997)(citing *Lutz v. Township of Gloucester,* 153 N.J.Super. 461, 466, 380 A.2d 280 (App.Div.1977)).

The filing requirements of the TCA are tempered by the provisions of section 59:8–9, which provides for the filing of a late notice of claim. *See* N.J.S.A. 59:8–9 (West Supp.1999). Before 1994, a plaintiff proceeding under section 59:8–9 was required to show "sufficient reasons" for failing to

file within the ninety-day period. However, following the 1994 amendment:

A claimant who fails to file notice of his claim within 90 days as provided in section 59:8–8 of this act, may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within one year after the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant *showing sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim* within the period of time prescribed by section 59:8–8 of this act or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter; provided that in no event may any suit against a public entity or a public employee arising under this act be filed later than two years from the time of the accrual of the claim.

N.J.S.A. 59:8–9 (West Supp.1999)(emphasis added).

The amended statute "does not define what circumstances are to be considered 'extraordinary' and necessarily leaves it for a case-by-case determination as to whether the reasons given rise to the level of 'extraordinary' on the facts presented." *Lowe v. Zarghami,* 158 N.J. 606, 626, 731 A.2d 14 (1999) (citing *Allen v. Krause,* 306 N.J.Super. 448, 455, 703 A.2d 993 (App. Div.1997)). Moreover, courts will consider whether a combination of factors elevates the case to the level of "extraordinary circumstances," since "[n]ot any one factor constitutes 'sufficient reasons.'" *Id.* at 629, 703 A.2d 993.

Since the 1994 amendment went into effect, the New Jersey courts have found only two cases of "extraordinary circumstances."[5] In *Ohlweiler v. Township of*

---

**5.** Although the case of *Randazzo v. Township of Washington in County of Gloucester and*

*State of New Jersey,* 286 N.J.Super. 215, 668 A.2d 1083 (App.Div.1995) was decided after

*Chatham*, 290 N.J.Super. 399, 675 A.2d 1176 (App.Div.1996), the plaintiff, a public school teacher, fell into an uncovered manhole while accompanying her students on a tour of the local sewage disposal plant. *See id.* at 400, 675 A.2d 1176. The plaintiff immediately sought medical attention and was released from the hospital with injuries seemingly limited to a sprained knee. *See id.* Thereafter, plaintiff was informed by an attorney that the transitory nature of her injury precluded a cause of action against the township. *See id.* at 401, 675 A.2d 1176. After the ninety-day statutory period for filing claims had expired, plaintiff discovered that she had a severe bone bruise and torn cartilage in her knee. *See id.* The New Jersey Appellate Division, finding that "plaintiff was diligent and timely throughout in seeking both medical care and legal advice respecting her injury," and that "[t]he change in plaintiff's physical condition was unusual, unanticipated and unexpected," held that the plaintiff had demonstrated extraordinary circumstances and permitted her to file a late notice of claim. *Id.* at 405–06, 675 A.2d 1176.

In *Lowe v. Zarghami*, 158 N.J. 606, 731 A.2d 14 (1999), the New Jersey Supreme Court found that extraordinary circumstances existed for a patient who was justifiably unaware that her physician was a public employee. *See Lowe*, 158 N.J. at 629, 731 A.2d 14.[6] The defendant, plaintiff's surgeon, was a clinical professor employed by the University of Medicine and Dentistry of New Jersey ("UMDNJ") but who practiced medicine in a UMDNJ-affiliated private hospital. *See id.* at 611–12,

731 A.2d 14. The Court found that the apparent status of the defendant as a private physician obscured his true status as a public employee. *See id.* at 629, 731 A.2d 14. Since the plaintiff had no reason to suspect that her doctor was associated with the UMDNJ and acted with diligence in pursuing her medical malpractice claim, the New Jersey Supreme Court allowed the late filing of notices of claim in light of the "extraordinary circumstances." *Id.* at 629–30, 731 A.2d 14.

The question before this Court is whether Forcella, like the plaintiffs in *Ohlweiler* and *Lowe*, has demonstrated "extraordinary circumstances for [her] failure to file [a] notice of claim." *Id.*

### A. Ignorance Of the Law Is Not an Extraordinary Circumstance

■ Forcella first argues that extraordinary circumstances exist because, due to missing pages of the Defendants' Answer, Forcella's attorneys were not put on notice of the Defendants' TCA affirmative defense until after the ninety-day time period had expired. Specifically, Forcella alleges that she received an incomplete copy of the Defendants' Answer and was not given the missing pages, containing the Defendants' affirmative defense based upon her failure to file a notice of claim pursuant to the TCA, until April 13, 1999. *See* Motion in Support of Application at ¶ 8. Forcella argues that she was "prejudiced by the fact that her counsel did not receive Defendants' Answer ... until approximately ten (10) months after the accrual of [Forcella's] claim." Mem. in Support of Application at 2–3.

the 1994 statute went into effect, the pre-amendment regime was binding in that case and therefore, the "sufficient reasons" language was applied. *See id.* at 219 n. 1, 668 A.2d 1083.

6. *Lowe v. Zarghami*, 158 N.J. 606, 731 A.2d 14 (1999), and *Eagan v. Boyarsky*, 158 N.J. 632, 731 A.2d 28 (1999), were decided by the New Jersey Supreme Court on the same day. The two cases, predicated on nearly identical facts involving plaintiffs allegedly injured by

UMDNJ clinical professors practicing in private hospitals, presented different issues. In *Eagan*, the issue before the Court was whether to allow a late notice of claim beyond the one year time period provided in § 59:8–9. *See Eagan*, 158 N.J. at 634–35, 731 A.2d 28. The Court found that "[i]n such unique circumstances ... the Legislature intended the one-year ban ... to be tolled," and thus, the plaintiff was entitled to file a late notice of claim. *Id.* at 642–43, 731 A.2d 28.

"Ignorance of the 90–day statutory requirement, ignorance of one's rights or mere ambivalence by the claimant have never been found to be sufficient reasons on their own to allow late filing." *Escalante v. Township of Cinnaminson, Cinnaminson Memorial Park*, 283 N.J.Super. 244, 250, 661 A.2d 837 (App.Div.1995)(finding that ignorance of law did not meet less demanding pre-amendment "sufficient reasons" standard). Thus, the fact that Forcella allegedly was not aware that the Defendants were raising the TCA notice requirements as an affirmative defense until after the ninety-day period had lapsed is simply irrelevant. Separate and apart from any defense or affirmative defense raised by the Defendants, Forcella was required to comply with the provisions of the TCA. Clearly, under *Escalante*, 283 N.J.Super. at 244, 661 A.2d 837, Forcella's attempt to shift the blame to the Defendants fails to meet the exacting standard of "extraordinary circumstances."

B. *Ignorance of the Parties Involved, Without More, Is Not an Extraordinary Circumstance*

Next, Forcella argues that the information implicating the Additional Defendants was unavailable to her until after the ninety-day statutory period had expired. In her Reply, Forcella states that she was "initially unable to discover the actual names of *all* of the liable authorities, as the two belatedly named Police Chief's [sic] had both retired, and because [Forcella] was unaware that the department for which she personally worked (The Ocean City Department of Public Safety) was in fact a branch of the Ocean City Police Department." Pl.'s Reply at 2 (emphasis in original).

First, in an effort to focus the issue before this Court, I find it essential to sort out an inconsistency in Forcella's argument. In support of her motion to file a late notice of claim, Forcella argues two diametrically opposed points: (1) that she

need not serve the Ocean City Police Department because "it is a branch of the City of Ocean City [sic] New Jersey Department of Public Safety," *see* Motion in Support of Application at ¶ 9; and, (2) that she did not file and serve a notice of claim upon the Additional Defendants because she "was unaware that the department for which she personally worked (The Ocean City Department of Public Safety) was in fact a branch of the Ocean City Police Department." Pl.'s Response to Opp. at 2. The Ocean City Police Department, however, is subsumed within the Ocean City Department of Public Safety. *See* Ocean City Ordinance 87–17(e)(2)(a)(1987)(providing that "[t]he Department shall perform all appropriate functions associated with . . . [m]aintaining all aspects of police protection and traffic control . . ."). I shall leave for the moment Forcella's argument of constructive notice; however, insofar as Forcella relies on her contention that DPS "is a branch of the Ocean City Police Department," the patent fallacy inevitably causes the argument to fail.

Moreover, New Jersey case law does not support a finding of "extraordinary circumstances" in this case. New Jersey courts have explicitly held that "[w]e find no hint of a legislative intent that the time to give notice should be extended until the party discovers a public entity is involved." *O'Neill v. City of Newark*, 304 N.J.Super. 543, 701 A.2d 717 (App.Div.1997)(finding no extraordinary circumstances where police officer, who was injured in city-owned building when gun discharged, failed to file within ninety days because he was involved in out-patient medical care); *cf. Dunn v. Borough of Mountainside*, 301 N.J.Super. 262, 274, 693 A.2d 1248 (App.Div.1997)(finding that the discovery rule will not save a claim which plaintiff failed to file within the ninety days because "[t]he [discovery] rule does not delay the accrual of the cause of action when the plaintiff knows about the identity but cannot determine the tortfeasor's identity").

Furthermore, Forcella's alleged naiveté regarding the liability of the Ocean City Police Department and its ranking officers is clearly distinguishable from that of the plaintiff in *Lowe v. Zarghami*, 158 N.J. 606, 731 A.2d 14 (1999). In *Lowe*, the New Jersey Supreme Court explicitly found that the "unusual" case occurred because the defendant-physician's public employee status was obscured by his "[performance of] tasks associated generally with private practice and not public service." *Lowe*, 158 N.J. at 629, 731 A.2d 14. Furthermore, the Court found that the plaintiff followed the ordinary procedures to file a claim since she "had no reason to suspect that her doctor was even associated with a public entity." *Id.* at 630, 731 A.2d 14.

This is not an "unusual" case. There is no evidence to support a claim that the potential liability of the Ocean City Police Department and the two Chiefs of Police was obscured in any manner. On the contrary, the branches of the municipal government are a matter of public record, as are the names of the current and former Chiefs of Police.

## III. PRESENTATION OF A CLAIM UNDER THE NEW JERSEY TORT CLAIMS ACT

In addition to arguing that the circumstances of her case are "extraordinary," Forcella argues that her counsel believed that service of a notice of claim upon the Additional Defendants simply was not necessary. *See* Pl.'s Reply at 2. Specifically, Forcella contends that "service of the notice upon the public entity (i.e. [sic] The City of Ocean City [sic] New Jersey) constitutes constructive service and notice upon all of its departments and employees." Pl.'s Reply at 2 (relying on N.J.S.A. 59:8–10(c) (West Supp.1999)). The Defendants argue that section 59:8–10 of the Tort Claims Act applies only to the actual service of claims and that the concept of constructive notice is not recognized under the TCA.

In support of her argument, Forcella relies on section 59:8–10 of the TCA, entitled "Presentation of claim," which provides:

a. A claim shall be presented to the public entity by delivering it to or mailing certified mail to the office of the Attorney General or the office of the State agency allegedly involved in the action. A claim may be presented to a local public entity by delivering it or mailing it certified mail to the entity.

b. A claim or application shall be deemed to have been presented in compliance with this section even though it is not delivered or mailed as provided in this section if it is actually received at an office of the State or local public entity within the time prescribed for presentation thereof.

c. *Service of the notice required by this chapter upon the public entity shall constitute constructive service upon any employee of that entity.*

N.J.S.A. 59:8–10 (West Supp.1999).

According to the leading scholars on Title 59 claims against public entities in New Jersey, *see* Harry A. Margolis and Robert Novack, *Claims Against Public Entities*, Comment to N.J.S.A. 59:8–10 (1997), "[section 59:8–10] defines the manner of service; it does not define the party on whom service must be made." *Id.* (citing *Feinberg v. State*, 265 N.J.Super. 218, 626 A.2d 75 (App.Div.1993)), *rev'd on other grounds*, 137 N.J. 126, 644 A.2d 593 (1994). Moreover, the plain language of subsection (c), the provision upon which Forcella relies, states that the provision is applicable to employees, not to entities. *See* N.J.S.A. 59:8–10(c)(West Supp.1999). Accordingly, I find section 59:8–10(c) inapplicable to the Ocean City Police Department.

As for the argument that the Chiefs of Police were constructively served pursuant to N.J.S.A. 59:8–10(c), I find that Forcella failed to meet her burden in proving that the Chiefs of Police were employees of a "public entity" other than the Department of Police. The record in this case is woe-

fully deficient and cannot support a finding that the Chiefs of Police were "employees" of a "public entity" which was properly served in accordance with the TCA.

Despite the fact that Forcella failed to define the correct issue in her brief, this Court finds it appropriate to address her contention and determine, under section 59:8–7 of the TCA, whether or not service of a notice of claim upon the City of Ocean City or DPS satisfies the TCA's requirement for service on the City of Ocean City Department of Police.

Under the general definitions section of the TCA, "Public entity" and "State" are defined as:

> "Public entity" includes the State, and any county, municipality, district, public authority, public agency, and any other political subdivision or public body in the State . . .
>
> "State" shall mean the State and any office, department, division, bureau, board, commission or agency of the State, but shall not include any such entity which is statutorily authorized to sue and be sued.

N.J.S.A. 59:1–3 (West Supp.1999). Section 59:8–2 provides that, " 'local public entity' means a public entity other than the State." *Id.* at 59:8–2. Since the definition of "State" excludes a governmental entity authorized to sue and be sued, such a public entity that can sue or be sued is a "local public entity." *See* N.J.S.A. 59:1–3, 59:8–2 (West Supp.1999); *see also Wade v. New Jersey Turnpike Auth.,* 132 N.J.Super. 92, 97, 332 A.2d 232 (Law Div.1975);

*Feinberg v. State,* 265 N.J.Super. 218, 222–23, 626 A.2d 75 (App.Div.1993), *rev'd on other grounds,* 137 N.J. 126, 644 A.2d 593 (1994).

This Court is satisfied that, as an entity that can sue or be sued, the City of Ocean City Police Department is a "local public entity." *See* N.J.S.A. 40A: 14–118;[7] Ocean City Code, ch. VI ("Police Department and Fire Department") § 6–1, *et seq.* (establishing the Police Department); *see generally, Pollock v. City of Ocean City, et al.,* 968 F.Supp. 187 (D.N.J.1997)(Irenas, J.)(plaintiff police officer brought suit against, among others, Ocean City Police Department for violation of his constitutional rights).[8] Thus, according to section 59:8–7:

> A claim for damage or injury arising under [the TCA] against the State shall be filed either with (1) the Attorney General or (2) the department or agency involved in the alleged wrongful act or omission. *A claim for injury or damages arising under this act against a local public entity shall be filed with that entity.*

N.J.S.A. 59:8–7 (West Supp.1999)(emphasis added). Thus, the Ocean City Police Department is an entity distinct, for purposes of the TCA, from both the City of Ocean City and DPS. Thus, according to the statutory language, notice of Forcella's claim should have been filed with the Ocean City Police Department.

To date, the New Jersey Supreme Court has allowed only one exception to be made to this explicit statutory language. In

---

**7.** Section 40A: 14–118 provides, in relevant part:

The governing body of any municipality, by ordinance, may create and establish, as an executive and enforcement function of municipal government, a police force . . . and provide for the maintenance, regulation and control thereof. Any such ordinance shall, in a manner consistent with the form of government adopted by the municipality and with general law, provide for a line of authority relating to the police function and for the adoption and promulgation by the

appropriate authority of rules and regulations for the government of the force and for the discipline of its members.
N.J.S.A. 40A: 14–118 (West 1993).

**8.** The record before this Court contains no evidence that the Ocean City Department of Police has not been empowered to sue and be sued. Moreover, case law supports this Court's finding that the Ocean City Police Department has the capacity to be sued. *See Pollock v. City of Ocean City,* 968 F.Supp. 187 (D.N.J.1997)(Irenas, J.).

*Feinberg v. State of New Jersey, et al.,* 137 N.J. 126, 644 A.2d 593 (1994), water from the Delaware and Raritan Canal overflowed and damaged the plaintiff's commercial property. *See id.* at 129, 644 A.2d 593. Within the ninety-day period established by the TCA, plaintiff served tort-claim notices on the three parties she believed were responsible for the Canal: the State of New Jersey, the New Jersey Department of Environmental Protection and Energy (DEPE), and the Delaware & Raritan Canal Commission. *See id.* Unknown to the plaintiff, the DEPE had leased to the New Jersey Water Supply Authority ("the Authority"), the Delaware and Raritan Canal Transmission Complex for use as a water-supply facility. *See id.* This lease was, and remained, unrecorded. *See id.*

In the ensuing months, the defendants engaged in "dilatory tactics," including the failure to file timely answers and answers to interrogatories, which kept the plaintiff from learning of the Authority's involvement in the Canal. The defendants continued to engage in such obstructive behavior until after the date the plaintiff was precluded from filing a late notice of claim. *See id.* at 130–131, 644 A.2d 593.

The plaintiff argued that service of a notice of claim on the Attorney General of the State of New Jersey and the DEPE satisfied the TCA's requirement for service on a local public entity (the Authority). *See id.* Interpreting the provisions of the TCA, both the Law and Appellate Divisions of the Superior Court of New Jersey rejected the plaintiff's argument, but focused on the "dilatory conduct of the State" and noted that "the harsh result here could have been avoided by the Attorney General promptly advising plaintiff that the Authority was the responsible public entity to be given notice." *See id.* at 133, 644 A.2d 593.

The Supreme Court of New Jersey reversed, noting that "[n]othing in the [TCA] evinces the legislative intent that governmental entities, whether intentionally or unintentionally, should be able to impale a diligent claimant on the Act's technical requirements for notification." *See id.* at 135, 644 A.2d 593 (citing *Murray v. Brown,* 259 N.J.Super. 360, 365, 613 A.2d 502 (Law Div.1991))("A governmental entity should [not] feel free to ignore the claimant in the hope that within a short time it might be able to use a technical cavil to avoid fair litigation"). The Supreme Court emphasized its reasoning by stating:

> In the singular context of this case, notification to the DEPE commissioner was tantamount to notification to the Authority. Although an autonomous entity, the Authority is "in but not of" the DEPE. Furthermore, the DEPE commissioner serves as the chief executive officer and chairman of the Authority. When viewed against the background of defendants' dilatory tactics, the unique facts of this case support the conclusion that notification to the commissioner constituted notification to the Authority.

*Id.* at 135, 644 A.2d 593.

Clearly, the facts of this case are distinguishable from those of *Feinberg v. State,* 137 N.J. 126, 644 A.2d 593 (1994). First, the record contains no evidence that the Ocean City Police Department engaged in any evasive tactics or even attempted to hide the facts of the Ocean City municipal structure from Forcella. On the contrary, the appropriate Ocean City ordinances are a matter of public record and Forcella has admitted that she simply was "unaware" of [her erroneous belief regarding] the link between DPS and the Police Department.

Second, unlike the facts in *Feinberg* where the DEPE Commissioner served as the CEO and chairman of the Authority, the record in this case does not reveal that there was any similar overlap between the Police Department and DPS. It is undisputed that Dominick Longo is the Director of Public Safety for the City of Ocean City. *See* Complaint at ¶ 13; Answer to Amended Complaint at ¶ 13. However, the Com-

plaint alleges that Robert Blevins and James Nickles were the Chiefs of Police for the Ocean City Police Department at the time of Forcella's employment. *See* Complaint at ¶¶ 17, 20.

Finally, it is difficult for this Court to read the quoted passage from the New Jersey Supreme Court's decision in *Feinberg* as anything but a clear intention to limit the exception to the TCA provisions to the facts of that case. *See Feinberg,* 137 N.J. 126, 644 A.2d 593 (1994)(holding that notification was sufficient "[i]n the singular context of this case" and on "the unique facts of this case"). Accordingly, this Court has no hesitation in finding that the Ocean City Police Department should have received a separate notice of claim from all other public entities, including the City of Ocean City and DPS.

## IV. CONCLUSION

For the reasons set forth above, I shall deny Forcella's motion for leave to file a late notice of claim pursuant to N.J.S.A. 59:8–9 (West Supp.1999). The Court shall enter an appropriate order.

### ORDER

This matter having come before the Court on the motion of Plaintiff, Gina Forcella, for leave to file a late notice of claim, under the New Jersey Tort Claims Act, pursuant to N.J.S.A. 59:8–9 (West Supp. 1999), Alan L. Frank, Esq. of Frank & Rosen, appearing on behalf of Plaintiff, Gina Forcella, and Aaron Michael Barker, Esq., appearing on behalf of Defendants, City of Ocean City, Ocean City Department of Public Safety, Dominick Longo, Captain Gary Parris, Sergeant Curtis Dull, Ocean City Police Department, Robert Blevin, and James Nickles; and,

The Court having considered the submissions of the parties, for the reasons set forth in the OPINION filed concurrently with this ORDER;

IT IS, on this 17th day of November, 1999, hereby ORDERED that the motion of Plaintiff, Gina Forcella, for leave to file a late notice of claim, pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59:8–9, is DENIED.